Ronald H. Bartlett, Court appointed, Houston, for appellant.

Carol S. Vance, Dist. Atty., Phyliss Bell and Don Lambright, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

This is an appeal from a conviction for robbery by assault. The punishment, enhanced under the provisions of Article 62, Vernon's Ann.P.C., was assessed at life.

In the first ground of error, appellant complains that the court erred in overruling his motion to quash the paragraph of the indictment which alleged a prior conviction for burglary. He contends that the allegation does not sufficiently show that burglary was an offense of similar nature to that of robbery by assault. He points out that burglary may be with the intent to commit any felony.

Assuming that the motion to quash is properly before us for review, the complaint will be discussed.

The indictment alleged the offense of robbery and that prior to the commission of the robbery the appellant had been con-

**Little Bennie BOWSER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 43690.**

Court of Criminal Appeals of Texas.

May 5, 1971.

victed for burglary, an offense of like character and of the same nature.

Appellant cites Schmeideberg v. State, Tex.Cr.App., 415 S.W.2d 425, which was reversed because a prior conviction for burglary used for enhancement in a robbery case was not alleged to be burglary with intent to commit theft and there was no allegation in the indictment that it was an offense of like character to that of robbery.

The court, however, pointed out that an indictment containing an allegation that the prior offense of burglary was "an offense of the same nature as charged in paragraph 1 (robbery by assault)" was held to be sufficient in Tucker v. State, 155 Tex.Cr.R. 304, 234 S.W.2d 877, and in Farris v. State, 155 Tex.Cr. 261, 233 S.W.2d 856.[1]

We hold that the allegation in the present case sufficiently alleges an offense of the same nature for enhancement purposes.

Next, it is contended that the evidence is insufficient to support the conviction.

The record reflects that Dennis Warkentin, the injured party, and Daniel Wyatt were walking along a street in Houston and a station wagon pulled up beside them and stopped. The passenger got out first. He referred to himself as Geronimo. The driver, later identified as the appellant, then got out. They asked for money to buy gas and then demanded more money. Both of them pulled knives and took the wallets and money of Warkentin and Wyatt. Warkentin testified that the property was taken against his will and that he was in fear of his life or serious bodily injury. He testified that the appellant was the person who held the knife on him and took his money. Wyatt could not positively identify the appellant as being one of the robbers. Apparently Wyatt paid more attention to the knives, because he described them thoroughly at the trial.

Without setting out all of the testimony, we hold that it was sufficient for the jury to conclude that appellant was one of the robbers and to show that he was the person previously convicted for burglary as alleged in the indictment.

The judgment is affirmed.

ODOM, J., not participating.

---

1. The proof shows that the prior conviction was for burglary with intent to commit theft.