Pedro ALARDIN, Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. 45651.

Court of Criminal Appeals of Texas.

March 21, 1973.

Rehearing Denied April 11, 1973.

challenges the sufficiency of the evidence to support the verdict.

Officer Bearden testified that while on routine patrol early Saturday morning, May 22, 1971, in Dallas, he saw two automobiles, one behind the other, stopped at an intersection waiting for the signal to change. The car in front, a yellow 1967 Chevrolet Nova, was being pushed by a white Corvair. He thought he recognized the Corvair from a prior investigation. He pulled his squad car abreast of the Corvair and "looked over and recognized" the appellant as the driver.[1] By this time the two cars were traveling at a high rate of speed under the circumstances (approximately 40 mph). The officer reduced the speed of his squad car so that he could position his squad car behind the two cars to effectuate a stop. At this time, appellant accelerated his car pushing the yellow Nova between two buildings where it ran into a pole. Its occupants "jumped out and ran." The white car, driven by appellant, continued around the block and finally into a parking lot behind a commercial building where it collided with a guard-rail. Appellant jumped out of the car and ran. Officer Bearden parked his squad car behind appellant's abandoned car and continued on foot to look for the three fleeing subjects. He lost all visual contact with appellant, as well as the occupants of the yellow Nova.

Thereafter, a citizen stopped Bearden and told him that three people had just run across the street and into a building. Bearden returned to his squad car to call for assistance. He then pulled his squad car out onto the street, at which time he saw three people come out from behind a building. Still in his squad car, he pursued the three people down an alley until he reached a ditch which prevented him from driving any farther. His headlights flashed upon the three people who were at this time running down a railroad track. Once again the officer gave chase on foot.

---

J. S. Ramsey, Jr. (on appeal only), J. Alton Alsup, Dallas (on appeal only), for appellant.

Henry Wade, Dist. Atty., and Robert T. Baskett, Asst. Dist. Atty., Dallas, and Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

This is an appeal from a conviction for the offense of felony theft; punishment, enhanced under Article 62, Vernon's Ann. P.C., was assessed at ten years.

This is a circumstantial evidence case and the jury was so charged. Appellant

---

1. The record reflects that Officer Bearden had had three confrontations with appellant in one month's time and knew him by sight and name.

The foot race continued until the appellant stumbled and fell, allowing the officer to close the gap and apprehend him. The other two subjects escaped.

Subsequent investigation revealed that the yellow automobile, occupied by the two unidentified and unapprehended persons, had been taken without the owner's consent from a location approximately one mile from the intersection where the officer had first seen the two cars. The stolen automobile had been left at that location by its owner the preceding afternoon.

A "hot wire", connecting the coil to the battery, was found on the stolen automobile and was introduced in evidence. The officer who found the "hot wire" testified that it could have been used to start the car without a key "if the battery was up." A pair of pliers and a screwdriver were found on the right, front floorboard of appellant's automobile and were introduced in evidence.

The appellant did not testify or offer any witness to explain his incriminating relationship with the stolen automobile.

The evidence shows a theft of the automobile by someone; unexplained, joint possession and control of the stolen automobile by appellant and two others; close relationship to the stolen property; and flight of the appellant. When viewed in the light most favorable to the jury's verdict, the evidence is sufficient to sustain the verdict. O'Dell v. State, Tex.Cr.App., 467 S.W.2d 444; Ross v. State, Tex.Cr. App., 463 S.W.2d 190; Beard v. State, Tex.Cr.App., 458 S.W.2d 85.

Appellant complains, by his second ground of error, that the court would not permit him to prove by Jessie Rayes an explanation of appellant's flight as a circumstance other than guilt. The court's ruling that the testimony of witness Rayes was inadmissible occurred in the following context:

"Q. (by Mr. Hallman) Mr. Rayes, on any occasion have you ever seen a policeman hit Pedro Alardin?

A. Yes, sir.

MR. SCOTT: Objection.

THE COURT: Sustained. Mr. Hallman, if you can tie such incident in to the alleged offense in this indictment in any way and show its relevance or its materiality, I will admit it.

MR. HALLMAN: Your Honor, the basis for offering the testimony is to indicate a basis for the reason that the defendant ran on the occasion in question. I can't tie this situation to this particular offense.

THE COURT: I have this—

MR. HALLMAN: Other than in that manner.

THE COURT: This witness can't testify to why the defendant ran.

MR. HALLMAN: I agree with that.

MR. SCOTT: We object to his testimony then.

THE COURT: Anything further?

MR. HALLMAN: Nothing further of the witness.

THE COURT: You may step down, sir.

MR. HALLMAN: Your Honor, I have similar testimony I propose to prove by the witness, Del Gado, Daniel Del Gado.

MR. SCOTT: We would object to his testimony for the same reason.

MR. HALLMAN: Who has been subpoenaed and is present outside the courtroom.

THE COURT: Mr. Hallman, I will ask you the same question about this witness' testimony as I did about the last.

MR. HALLMAN: My answer would be that I can't tie this incident in May to this particular offense other than to give a basis for argument as to the reason why the witness ran.

MR. SCOTT: We would object to that unless that witness could testify as to why this defendant ran on this particular occasion he is on trial for.

THE COURT: The objection is sustained."

■ No retreat is made from the rule that where evidence of flight is received, the accused may explain his actions. Ysasaga v. State, Tex.Cr.App., 444 S.W.2d 305; Cawley v. State, 166 Tex.Cr.R. 37, 310 S.W.2d 340; Chastain v. State, 97 Tex.Cr.R. 182, 260 S.W. 172. The vitality of this rule is especially important in a circumstantial evidence case where the state is relying on flight as a circumstance of guilt.

It might appear that appellant was attempting to show through these two witnesses that he had been beaten without provocation by police officers on a prior occasion; that due to this prior confrontation with police officers, he was afraid of police officers generally; and that this was the reason he ran when Officer Bearden attempted to stop him. However, these suppositions can only be *arrived* at by means of speculation by this court. They do not appear in the record. Appellant made no attempt to show by means of

bill of exception or otherwise what the testimony of the two witnesses would have been.

Article 40.09, Section 6(d)(1), Vernon's Ann.C.C.P., provides:

"When the court refuses to admit offered testimony or other evidence, the party offering same shall as soon as practicable but before the court's charge is read to the jury be allowed, out of the presence of the jury, to adduce the excluded testimony or other evidence before the reporter, * * *. The court, in its discretion, may allow an offer of proof in the form of a concise statement by the party offering the same of what the excluded evidence would show, to be made before the reporter out of the presence of the jury as an alternative method of causing the record to show such excluded testimony or other evidence, and in the event the record contains transcription of the reporter's notes showing such an offer of proof the same shall be accepted on appeal as establishing what such excluded testimony or other evidence would have consisted of had it been admitted into evidence."

■ Absent a showing of what the excluded testimony would have been or an offer of proof in the form of a statement to the judge, the matter is not properly before us for review. Brown v. State, Tex.Cr.App., 475 S.W.2d 938, 953; Elliott v. State, Tex.Cr.App., 475 S.W.2d 239. See particularly Haynes v. State, Tex.Cr.App., 468 S.W.2d 375.

■ By his third ground of error, appellant urges that several questions asked by the prosecutor were improper. Reference is made to six separate questions relating to an allegedly res gestae statement made by appellant at the moment he was apprehended by Officer Bearden. We note that each of appellant's objections was sustained and that no further relief was

sought. No error is shown. Hunter v. State, Tex.Cr.App., 481 S.W.2d 806; Browning v. State, Tex.Cr.App., 488 S.W.2d 801; Cazares v. State, Tex.Cr.App., 488 S.W.2d 110.

■ Appellant complains by his fourth ground of error that several questions asked by the prosecutor were improper "in that appellant was portrayed to the jury as a criminal generally." Reference is made to four questions. Since no objection was addressed to three of the questions, they present no error for review. Brown v. State, Tex.Cr.App., 460 S.W.2d 925; Crestfield v. State, Tex.Cr.App., 471 S.W.2d 50; 5 Tex.Jur.2d 61, Sec. 39. Objection to the fourth question was sustained and the jury was instructed to disregard the question and consider it for no purpose. Appellant requested no further relief. No error is shown. Hunter v. State, supra; Browning v. State, supra; Cazares v. State, supra.

Appellant urges, as unassigned error, that punishment was improperly enhanced under the provisions of Article 62, V.A.P.C., in that the evidence adduced at the hearing on punishment was insufficient to establish that the prior conviction alleged in the indictment for enhancement purposes was of like character as the primary offense of which appellant was convicted.

The record reflects that after the verdict of guilty was returned by the jury, appellant pleaded "True" to the enhancement paragraph of the indictment which states said offense to be "one of like character . . . ."

■ In O'Dell v. State, 467 S.W.2d 444, we held that the plea of "True" was sufficient to show the prior conviction. We adhere to that decision.

No reversible error having been shown, the judgment is affirmed.