**Charlie Lee LATTA, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**Nos. 47751 and 47752.**

Court of Criminal Appeals of Texas.

March 27, 1974.

David C. Rosemurgy, Dallas, for appellant.

Henry Wade, Dist. Atty. and John E. Rapier, Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., and Buddy Stevens, Asst. State's Atty., Austin for the State.

## OPINION ON STATE'S MOTION FOR REHEARING

MORRISON, Judge.

Our prior opinion is withdrawn.

The offense in both appeals is felony theft with a prior conviction for an offense of the same nature alleged for enhancement under Article 62, Vernon's Ann.P.C.; the punishment, set by the court, ten years in each case, to run concurrently.

Appellant raises only one ground of error, which relates to both appeals.

Appellant contends that there was no evidence that the prior conviction, which was for burglary, was an offense of the same nature as the present offense, felony theft, and that, therefore, his punishment was improperly enhanced under Article 62, supra.

We note that as to our Cause No. 47,752, the enhancement paragraph of the indictment was dismissed and the punishment assessed, two to ten years, was within the statutory range for felony theft. Art. 1421, V.A.P.C.

We turn to the enhancement of punishment in our Cause No. 47,751. Following the reading of the indictment, appellant pleaded "True" to the enhancement paragraph. In Alardin v. State, 491 S.W.2d 872, this Court said:

"Appellant urges, as unassigned error, that punishment was improperly enhanced under the provisions of Article 62, V.A.P.C., in that the evidence adduced at the hearing on punishment was insufficient to establish that the prior conviction alleged in the indictment for enhancement purposes was of like character as the primary offense of which appellant was convicted.

"The record reflects that after the verdict of guilty was returned by the jury, appellant pleaded 'True' to the enhancement paragraph of the indictment which states said offense to be 'one of like character . . .'

"In O'Dell v. State, 467 S.W.2d 444, we held that the plea of 'True' was sufficient to show the prior conviction. We adhere to that decision."

It is therefore clear that the punishment was properly enhanced if the indictment itself is sufficient. The enhancement paragraph reads, in part, as follows:

" . . . the said Charlie Lee Latta . . . , was duly and legally convicted . . . of a felony less than capital and one of like character as alleged against him in the first paragraph hereof, to-wit, Burglary, as charged in the indictment . . ."

In Bowser v. State, 466 S.W.2d 307, this Court held that a similar allegation in an indictment was sufficient to allege an offense of the same nature for enhancement purposes.

No error is shown.

The State's Motion for Rehearing is granted; the order remanding the case to the trial court for proper assessment of punishment is set aside; and the judgments are affirmed.