**Ignacio Garcia SALAZAR, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 6–90–087–CR.

Court of Appeals of Texas,
Texarkana.

Dec. 27, 1990.

Larry G. Alexander, Dallas, for appellant.

Yolanda M. Joosten, Asst. Dist. Atty., Dallas, for appellee.

Before CORNELIUS, C.J., and BLEIL and GRANT, JJ.

OPINION

GRANT, Justice.

Ignacio Garcia Salazar appeals from a conviction for theft of property valued at $750 or more but less than $20,000. The jury found Salazar guilty of the offense

and the two enhancement paragraphs to be true. His punishment was assessed at ninety-nine years in the penitentiary. Salazar's sole point of error is that the trial court erred in overruling his motion for instructed verdict because the evidence is insufficient to support the verdict.

According to the testimony given at the trial, the following occurred: On July 11, 1988, sometime after 7:45 p.m., a Buick Regal was stolen. Officers Richard Morrell and Ken Jackson were on routine patrol duty that night in north Dallas. At approximately 8:20 p.m., the officers became suspicious of a 1980 Buick Regal when one of the passengers ducked down in the vehicle. The officers later attempted to stop the Buick for failing to signal and for making an illegal lane change. The car slowed down for a moment and then accelerated to speeds of seventy to ninety miles an hour, running vehicles off the road, and trying to elude the pursuing officers. The officers requested additional ground patrol and a police helicopter to assist them in stopping the car. During the chase, the Buick was wrecked and the three occupants fled from the scene. An officer chased Salazar, a passenger in the front seat of the car, for a distance between a quarter and a half mile. When he was overtaken, he continued to resist, but he was arrested and handcuffed. The Buick was reported stolen approximately twenty-five minutes after Salazar was arrested. When the car was recovered by the police, the steering column was broken, the dash was torn, and the radio was missing.

Salazar contends that the evidence is insufficient to support his conviction for theft of the automobile because no explanation was given concerning his presence in the automobile or his knowledge about the status of the car. Salazar further states that he did not exercise any control over the vehicle because he was not driving the car. In reviewing a challenge to the suffi-ciency of the evidence, the evidence must be viewed in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 309, 99 S.Ct. 2781, 2783, 61 L.Ed.2d 560 (1979).

When a defendant is found in possession of recently stolen property and at the time of arrest fails to make a reasonable explanation showing his honest acquisition of the property, the factfinder may draw a permissible inference of guilt. *Hardesty v. State*, 656 S.W.2d 73, 76 (Tex. Crim.App.1983).

The evidence suggests that Salazar was working jointly with the other occupants of the car because the car had been stolen moments before Salazar was arrested, the broken steering column and the missing radio were obvious to all the occupants, and all three occupants fled when the car was wrecked. Although the better procedure is for the State to establish by direct evidence that the defendant gave no explanation for the possession of the stolen property, Salazar's conduct of fleeing and abandoning the car was inconsistent with a plausible explanation of his possession of the car. Thus, the unexplained possession of the stolen automobile, along with Salazar's flight from the officers, raises a permissible inference of his guilt. These facts are similar to those in *Alardin v. State*, 491 S.W.2d 872 (Tex.Crim.App.1973), in which the Texas Court of Criminal Appeals sustained a theft conviction.[1] We find that the evidence in the present case is sufficient to support Salazar's theft conviction.

The judgment of the trial court is affirmed.

---

1. In the *Alardin* case, the defendant was pushing the stolen automobile rather than riding as a passenger in the stolen vehicle.