TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-01-00534-CV







In the Matter of C. R.








FROM THE DISTRICT COURT OF TRAVIS COUNTY, 98TH JUDICIAL DISTRICT


NO. J-20,931, HONORABLE W. JEANNE MEURER, JUDGE PRESIDING 







M E M O R A N D U M O P I N I O N




 After a bench trial, C.R. was adjudicated delinquent based on the offense of theft. 
See Tex. Pen. Code Ann. § 31.03(a) (West Supp. 2003). In one issue, appellant contends that an oral
statement she made while in custody should have been suppressed. We affirm the trial court's
judgment.

 At about 2:30 a.m. on March 24, 2001, Officer Raul Ortegon of the Austin Police
Department stopped a Buick LeSabre because he saw objects being tossed from the passenger-side
window. He saw five or six people in the car. When Ortegon attempted to stop the car, the driver
kept going for about one-half mile before stopping the car and running away. One passenger
attempted to leave the car, but the officer ordered the remaining five occupants to stay in the car
while he attempted to determine if the car was stolen and awaited backup officers. It had not been
reported stolen. However, after the car's owner was contacted and arrived on the scene, he identified
the car, and said he had not given anyone permission to use it. Officer Ortegon then began
identifying and arresting the passengers who were a mix of adults and juveniles. Appellant first said
her last name was Gonzalez but was unsure of the spelling. She later gave Ortegon her correct name. 
She was transported to the Gardner-Betts juvenile center. Once there, Ortegon gave her Miranda
warnings and questioned her about the night's events. She told Ortegon the driver's name and phone
number and said that he picked her up at a friend's house and told her the car was stolen. They rode
around for several hours, picking up other people along the way.

 There is no dispute that this statement was an oral custodial statement that was never
reduced to writing or recorded. See Tex. Fam. Code Ann. § 51.09 (West 2002). Appellant properly
objected at trial. The State argued that the confession was admissible under section 51.095 of the
family code as "a statement of facts or circumstances that are found to be true and tend to establish
the child's guilt, such as the finding of secreted or stolen property, or the instrument with which the
child states the offense was committed." Tex. Fam. Code Ann. § 51.095(2) (West 2002) (tracking
Tex. Code Crim. P. Ann. art 38.22 § 3(c) (West Supp. 2003)). The trial court overruled the objection
and admitted the statement. On appeal, appellant argues that no facts of the type necessary to satisfy
section 51.095 were gleaned from her statement. We will assume without deciding that the
statement was inadmissible because error, if any, was harmless in light of other evidence in the
record establishing the theft offense.

 Theft is the unlawful appropriation of property with intent to deprive the owner of
the property. Tex. Pen. Code Ann. § 31.03(a) (West Supp. 2003). Appropriation of property is
unlawful if the property is stolen and the actor appropriates the property knowing it was stolen by
another. Id. § 31.03(b)(2). Appropriate means "to acquire or otherwise exercise control over
property other than real property." Id. § 31.01(4)(B).

 The possession of recently stolen property, without an explanation inconsistent with
guilt, allows an inference of guilt to be made. See, e.g., Chavez v. State, 843 S.W.2d 586, 587-88
(Tex. Crim. App. 1992); Hardesty v. State, 656 S.W.2d 73, 76 (Tex. Crim. App. 1983). That one
is a passenger rather than a driver does not mean that one cannot appropriate a vehicle. See Salazar
v. State, 800 S.W.2d 959, 960 (Tex. Crim. App. 1990) (affirming conviction over defendant's 
argument that he was just passenger; broken steering column and missing radio obvious to all
occupants; all fled when car wrecked; car recently stolen); Alardin v. State, 491 S.W.2d 872, 874-75
(Tex. Crim. App. 1973) (finding joint possession and control although evidence did not prove
defendant drove car; was stolen vehicle; flight).

 In this case, the State points to the following evidence: testimony by the owner and
Officer Ortegon that the car had a broken driver's side window, glass shards on the seat and
floorboard, and a shattered steering column that was clearly visible; C.R. was sitting by the driver;
(3) although she was in the middle position in the front bench seat with another passenger next to
her, someone threw documents such as the owner's manual out the front window; flight by the driver
and probable attempted flight by the others; and C.R. gave a false name. C.R. was in a recently
stolen car with obvious steering column and window damage. She offered no explanation
inconsistent with guilt for those events. The inference of guilt based on being in possession of
recently stolen property and the other evidence in the record are sufficient evidence to establish theft
without considering the oral statement.

 We overrule appellant's only issue. We affirm the trial court's judgment.



 

 Mack Kidd, Justice

Before Justices Kidd, Patterson and Puryear

Affirmed

Filed: February 27, 2003