# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-01-00534-CV

**In the Matter of C. R.**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 98TH JUDICIAL DISTRICT
### NO. J-20,931, HONORABLE W. JEANNE MEURER, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

After a bench trial, C.R. was adjudicated delinquent based on the offense of theft. *See* Tex. Pen. Code Ann. ' 31.03(a) (West Supp. 2003). In one issue, appellant contends that an oral statement she made while in custody should have been suppressed. We affirm the trial court=s judgment.

At about 2:30 a.m. on March 24, 2001, Officer Raul Ortegon of the Austin Police Department stopped a Buick LeSabre because he saw objects being tossed from the passenger-side window. He saw five or six people in the car. When Ortegon attempted to stop the car, the driver kept going for about one-half mile before stopping the car and running away. One passenger attempted to leave the car, but the officer ordered the remaining five occupants to stay in the car while he attempted to determine if the car was stolen and awaited backup officers. It had not been *reported* stolen. However, after the car=s owner was contacted and arrived on the scene, he identified the car, and said he had not given anyone permission to use it. Officer Ortegon then began identifying and arresting the passengers who

were a mix of adults and juveniles.  Appellant first said her last name was Gonzalez but was unsure of the spelling.  She later gave Ortegon her correct name.  She was transported to the Gardner-Betts juvenile center.  Once there, Ortegon gave her *Miranda* warnings and questioned her about the night=s events.  She told Ortegon the driver=s name and phone number and said that he picked her up at a friend=s house and told her the car was stolen.  They rode around for several hours, picking up other people along the way.

There is no dispute that this statement was an oral custodial statement that was never reduced to writing or recorded.  *See* Tex. Fam. Code Ann. ' 51.09 (West 2002).  Appellant properly objected at trial.  The State argued that the confession was admissible under section 51.095 of the family code as Aa statement of facts or circumstances that are found to be true and tend to establish the child=s guilt, such as the finding of secreted or stolen property, or the instrument with which the child states the offense was committed.@ Tex. Fam. Code Ann. ' 51.095(2) (West 2002) (tracking Tex. Code Crim. P. Ann. art 38.22 ' 3(c) (West Supp. 2003)).  The trial court overruled the objection and admitted the statement.  On appeal, appellant argues that no facts of the type necessary to satisfy section 51.095 were gleaned from her statement.  We will assume without deciding that the statement was inadmissible because error, if any, was harmless in light of other evidence in the record establishing the theft offense.

Theft is the unlawful appropriation of property with intent to deprive the owner of the property.  Tex. Pen. Code Ann. ' 31.03(a) (West Supp. 2003).  Appropriation of property is unlawful if the property is stolen and the actor appropriates the property knowing it was stolen by another.  *Id*. ' 31.03(b)(2).  Appropriate means Ato acquire or otherwise exercise control over property other than real property.@ *Id*. ' 31.01(4)(B).

The possession of recently stolen property, without an explanation inconsistent with guilt, allows an inference of guilt to be made. *See, e.g.*, *Chavez v. State*, 843 S.W.2d 586, 587-88 (Tex. Crim. App. 1992); *Hardesty v. State*, 656 S.W.2d 73, 76 (Tex. Crim. App. 1983). That one is a passenger rather than a driver does not mean that one cannot appropriate a vehicle. *See Salazar v. State*, 800 S.W.2d 959, 960 (Tex. Crim. App. 1990) (affirming conviction over defendant=s argument that he was just passenger; broken steering column and missing radio obvious to all occupants; all fled when car wrecked; car recently stolen); *Alardin v. State*, 491 S.W.2d 872, 874-75 (Tex. Crim. App. 1973) (finding joint possession and control although evidence did not prove defendant drove car; was stolen vehicle; flight).

In this case, the State points to the following evidence: testimony by the owner and Officer Ortegon that the car had a broken driver=s side window, glass shards on the seat and floorboard, and a shattered steering column that was clearly visible; C.R. was sitting by the driver; (3) although she was in the middle position in the front bench seat with another passenger next to her, someone threw documents such as the owner=s manual out the front window; flight by the driver and probable attempted flight by the others; and C.R. gave a false name. C.R. was in a recently stolen car with obvious steering column and window damage. She offered no explanation inconsistent with guilt for those events. The inference of guilt based on being in possession of recently stolen property and the other evidence in the record are sufficient evidence to establish theft without considering the oral statement.

We overrule appellant=s only issue. We affirm the trial court=s judgment.

**3**

Mack Kidd, Justice

Before Justices Kidd, Patterson and Puryear

Affirmed

Filed:   February 27, 2003