IN THE COURT OF
CRIMINAL APPEALS

                                   OF
TEXAS

 

                                                                              

                                                                NO.
AP-75,112                



 

 

                                      EX
PARTE DAVID ALLEN RICH, Applicant

 

                                                                              



                          ON
APPLICATION FOR A WRIT OF HABEAS CORPUS

                                                     FROM
DENTON COUNTY



 

Meyers,
J., delivered the opinion of the Court, in which Price, Keasler, Hervey,
and Holcomb, JJ., joined.  Womack, J., filed a concurring
opinion, in which Johnson and Cochran, JJ., joined.  Keller,
P.J., concurred.

 

                                                                  O
P I N I O N

The issue we decide today is whether
Applicant should be allowed to raise a claim  of illegal sentence based on an
improper enhancement for the first time on a writ of habeas corpus, or whether
such claim is forfeited by: 1) Applicant=s failure to raise it on direct
appeal; or 2) Applicant=s plea of true to such enhancements during the plea
proceedings.  We conclude that Applicant may raise such a claim and that, in
this case, he is entitled to relief.     

Facts








Applicant David Alan Rich[1]
was charged with felony driving while intoxicated.  The indictment contained
two enhancement paragraphs which alleged prior convictions for two felony
offenses, delivery of a controlled substance (cause number F-76-10016HL) and
injury to an elderly person (cause number 93-42604).  In 2002, Applicant
pleaded guilty to the offense and true to the enhancement paragraphs pursuant
to a plea-bargain agreement.  The trial court enhanced his punishment under the
habitual-offender provision of Texas Penal Code ' 12.42(d) and imposed a sentence of
25 years= confinement in the Texas Department
of Criminal Justice - Correctional Institutions Division.[2] 
No direct appeal was taken.








Applicant filed an application for a
writ of habeas corpus claiming that he received ineffective assistance of
counsel as a result of his attorney=s failure to investigate the prior
convictions used for enhancement.  In its Findings of Fact and Conclusions of Law,
the trial court determined that Applicant had not been convicted of a felony
for the delivery of a controlled substance offense (cause number F-76-10016HL)
because the charge was reduced to a misdemeanor after a motion for a new trial
was granted.  Since a misdemeanor conviction had been improperly used to
enhance his sentence, the trial court concluded that the sentence itself was
illegal.  Despite this finding, the trial court determined that trial counsel=s investigation of the prior
convictions was reasonable based on the information available and that
Applicant had received effective assistance of counsel at trial.

Subsequently, this Court entered an
order requiring the trial court to determine whether there were any other prior
felony convictions that could have been substituted for the misdemeanor that
was improperly used for enhancement.  The trial court filed Supplemental
Findings of Fact and Conclusions of Law, finding that neither of Applicant=s other prior felony convictions
could have been properly substituted for the prior misdemeanor conviction.  The
trial court concluded that Applicant=s third-degree felony could have been
enhanced to a second-degree felony, at most.  The range of punishment for a
second-degree felony is 2 to 20 years pursuant to Texas Penal Code ' 12.42(a)(3).

Issue Presented








Both Applicant and the State agree
that Applicant has not forfeited his claim of illegal sentence based on an
improper enhancement, but they base their arguments on different grounds.  We
agree with the State that Aa defect that renders a sentence void may be raised at any
time,@[3] and we reject Applicant=s contention that his claim is one of
actual innocence with regard to the improper enhancement paragraph.  We
conclude that Applicant may raise his claim for the first time on an
application for a writ of habeas corpus, even though he failed to raise the issue
on direct appeal and pleaded true to the enhancement paragraphs.

Analysis








Under Article 11.07 of the Texas Code
of Criminal Procedure, post-conviction habeas relief is available for claims
involving jurisdictional defects and violations of fundamental or
constitutional rights.  See Ex parte McCain, 67 S.W.3d 204, 210 (Tex.
Crim. App. 2002).  We have long held that a claim of an illegal sentence is
cognizable on a writ of habeas corpus.  Mizell v. State, 119 S.W.3d 804,
806 (Tex. Crim. App. 2003); Ex parte Pena, 71 S.W.3d at 336-37; Ex
parte Beck, 922 S.W.2d 181, 182 (Tex. Crim. App. 1996); Ex parte McIver,
586 S.W.2d 851, 854 (Tex. Crim. App. 1979).  An illegal sentence is
distinguishable from a procedural irregularity[4]
or an inaccurate judgment,[5] neither of
which warrant relief on a writ of habeas corpus.  

The resolution of this case depends
on whether Applicant=s sentence is actually illegal.  When the judge delivered the
sentence based on the indictment before him, he acted within his authority and
the law.  It was not until the trial court discovered that one of Applicant=s felony charges had been reduced to
a misdemeanor offense that the problem with the sentence became known. 
Clearly, the trial judge himself did not knowingly act illegally when issuing
Applicant=s sentence of 25 years.  However, since Applicant=s delivery of a controlled substance
offense was reduced to a misdemeanor, as a matter of law, the prior conviction
could not be used to sentence him as a habitual offender.  Applicant is
currently serving the fourth year of an enhanced sentence of 25 years for
driving while intoxicated, when the actual range of punishment for his offense
with one prior felony conviction is 2 to 20 years.













Our precedents involving claims of
illegal sentences have dealt with situations in which the illegality of the
judgment was apparent from the facts before the trial court.[6] 
Although the instant case involves a different situation because the
mischaracterization of one of the prior convictions only later became known,
our previous cases in this area, and the rationale upon which they are based,
are not only applicable but also instructive in evaluating Applicant=s claim.  We have held that A[a] sentence which is outside the
maximum or minimum range of punishment is unauthorized by law and therefore
illegal.@  Mizell, 119 S.W.3d at 806. 
The error that occurred in Applicant=s sentencing was more than a clerical
mistake that can be corrected by a nunc pro tunc motion and order
because it resulted from judicial reasoning or determination.  See Ex parte
Pena, 71 S.W.3d at 337.  Cf. Ex parte Ybarra, 149 S.W.3d 147 (Tex.
Crim. App. 2004) (dismissing the inmate=s application for a writ of habeas
corpus because the trial court had the authority to correct the omission of his
pre-sentence jail credit with a nunc pro tunc judgment, and if the trial
court failed to respond to his motion, he was required to seek a petition for a
writ of mandamus in the Court of Appeals).  It is not the trial court=s entry of judgment that is in error,[7]
but the legality of the punishment as it now stands.  The fact that the
judicial reasoning and determination were correct according to the facts before
the court at the time of sentencing does not preclude a finding of illegality
at some later date.  Although the judge did not make an incorrect determination
based on the information before him, the mischaracterization of the offense in
the indictment nevertheless resulted in Applicant=s being sentenced in violation of the
law.  It was only when the habeas court uncovered the error in the indictment
that it was discovered that Applicant=s sentence was illegal.  Applicant
bargained for a sentence of 25 years for the driving while intoxicated offense
when he could, at minimum, have bargained for a sentence of 2 years, and the
maximum legal sentence was 20 years.  Even as we have increasingly narrowed the
types of claims that are cognizable under habeas corpus, our precedents firmly
establish that inmates in custody under such an illegal sentence may seek
habeas relief.








Because the record on appeal would
not have shown that Applicant=s sentence was illegal, it is appropriate for him to
challenge it by applying for a writ of habeas corpus.  Although habeas corpus
is an extraordinary remedy, this is an extraordinary situation.  Applicant=s current sentence is more than ten
times the minimum, and five years more than the maximum, number of years he
could have received if the primary offense had been properly enhanced in the
indictment.  He has already served four years of this improperly enhanced
sentence, and he has no other means of obtaining relief.  The caselaw makes it
clear that Applicant can seek relief by direct appeal or writ of habeas
corpus because Aa defect which renders a sentence void may be raised at any
time.@  Ex parte Beck, 922 S.W.2d at
182 (citing Heath v. State, 817 S.W.2d 335, 336 (Tex. Crim. App. 1991)
(opinion on original submission)); see also Ex parte Miller, 921 S.W.2d
at 239; Ex parte White, 659 S.W.2d 434, 435 (Tex. Crim. App. 1983); Ex
parte McIver, 586 S.W.2d at 854; Ex parte Harris, 495 S.W.2d 231,
232 (Tex. Crim. App. 1973).  In fact, Athere has never been anything in
Texas law that prevented any court with jurisdiction over a criminal
case from noticing and correcting an illegal sentence,@ no matter when or how the relief was
sought.  Mizell, 119 S.W.3d at 806.  The fact that the record on direct
appeal would not have revealed that there was a problem with Applicant=s sentence makes habeas corpus the
appropriate avenue for affording him relief.[8] 
Applicant did not forfeit his claim to challenge his illegal sentence by failing
to raise it on direct appeal.[9]








Furthermore, Applicant did not
forfeit his claim by pleading true to the enhancement paragraphs at the plea
proceedings.  Despite the general rule that a plea of true to an enhancement
paragraph relieves the State of its burden to prove a prior conviction alleged
for enhancement and forfeits the defendant=s right to appeal the insufficiency
of evidence to prove the prior conviction,[10]
there is an exception when Athe record affirmatively reflects@ that the enhancement is itself
improper.  This exception originated in Sanders v. State, in which the
Fourth Court of Appeals held that a prior non-final conviction could not be
used to enhance punishment even where the defendant had

pleaded true to the enhancement paragraph characterizing the
prior offense as final.  785 S.W.2d 445, 448 (Tex. App.BSan Antonio 1990, no pet.). A[I]n the interest of justice,@ the court of appeals set aside the
appellant=s enhanced punishment and remanded the case to the trial court for the
proper assessment of punishment.  Id.  Similarly, the Fourteenth Court
of Appeals applied this exception to a case in which the offenses used for
enhancement did not occur in the sequence alleged by the indictment.  Mikel
v. State, 167 S.W.3d 556 (Tex. App.BHouston [14th Dist.] 2005, no pet.)
(even though the appellant pleaded true at the punishment hearing, the court of
appeals concluded that the evidence was legally insufficient to prove the
allegations in the improper enhancement paragraph and remanded the case for a
new punishment hearing.).[11]  We agree
with the rationale of these decisions by the courts of appeals.








There is a great disparity between
the sentence of 25 years for which Applicant pleaded guilty and the possible
sentences within the proper range of punishment which he could have received,
either by pleading guilty or going to trial.[12] 
When an appellate court finds error at the punishment stage of the trial, the
case may be remanded to the trial court for the proper assessment of
punishment.  Levy v. State, 818 S.W.2d 801, 803 (Tex. Crim. App. 1991)
(citing Jackson v. State, 680 S.W.2d 809, 814 (Tex. Crim. App. 1984); Bullard
v. State, 548 S.W.2d 13, 18 (Tex. Crim. App. 1977)).  In cases in which a
defendant enters a plea of guilty or nolo contendere without the benefit of a
plea bargain and the trial judge assesses a punishment not authorized by law,
the appropriate remedy is to allow the finding of guilt to remain and to remand
the case for a new punishment hearing.  Levy, 818 S.W.2d at 803.  In
non-plea bargain cases in which the defendants received sentences that were not
authorized by law, such as Sanders and Mikel, the courts of
appeals followed our precedent by affirming the appellants= convictions and remanding the cases
for the proper assessment of punishment.








Because Applicant was sentenced
pursuant to a negotiated plea bargain and the error in the indictment affected
the entirety of the criminal proceeding against him, his situation is
dissimilar and requires a different remedy.  Indeed, when a plea-bargain
agreement calls for a sentence much greater than that authorized by law, we
must allow the defendant to withdraw his plea because there is no way of
knowing whether the State would have offered a plea bargain within the proper
range of punishment that he deemed acceptable, or whether he would have decided
to proceed to trial.  Furthermore, resentencing alone is not sufficient in this
instance because by Aattack[ing] the sentence he received and for which he
bargained, [Applicant] is attacking the entire judgment of conviction.@  Shannon v. State, 708 S.W.2d
850, 851 (Tex. Crim. App. 1986) (holding that Athe idea that error is >punishment error= only is incompatible with the
negotiated plea and we therefore disavow such analysis in this specific area.@).  Although the plea bargain seemed
fair on its face when executed, it has become unenforceable due to circumstances
beyond the control of the Applicant or the State, namely the fact that one of
the enhancement paragraphs was mischaracterized in the indictment, resulting in
an illegal sentence far outside the statutory range of punishment.  See id.
at 852.  Since neither the State nor the trial court has the authority to
ensure compliance with a sentence that so greatly exceeds the statutory range
of punishment, the proper remedy is to allow Applicant to withdraw his plea and
remand the case to the trial court, putting both parties back in their original
positions before they entered into the plea bargain.             








Although Applicant bases his argument
for relief on actual innocence grounds, we believe that it is not only
unnecessary but incorrect to treat this case as if it involves such a claim. 
Because one of the enhancements underlying Applicant=s sentence was proven to be untrue,
Applicant has a claim that is similar to those advanced in actual innocence
cases.  However, Applicant=s situation should be addressed as a claim of illegal sentence
because the mischaracterization of his prior offense affected his sentence,
rather than the trial court=s determination of guilt.  There is no evidence that
Applicant is innocent of the delivery of the controlled substance offense
alleged in the enhancement paragraph, and the mischaracterization of this
misdemeanor conviction as a felony does not make him innocent of the primary
offense of driving while intoxicated.  While we have held that the
incarceration of an innocent person is a violation of due process,[13]
Applicant=s situation does not involve the traditional hallmarks of actual
innocence claimsBnewly discovered evidence showing that the defendant is being
wrongfully imprisoned for a crime that he did not commit.  Applicant=s incarceration beyond the maximum
legal term does not suggest actual innocence of any offense,[14]
and we can afford him relief from his illegal sentence by applying our
precedents and allowing an exception for his plea of true to the improper
enhancement paragraph.

Conclusion








In Applicant=s case, the allegation of a prior
felony conviction in the first enhancement paragraph is not true.  It was this
improper enhancement that resulted in Applicant=s illegal sentence of 25 years.  In
accordance with our precedents affording relief from an illegal sentence at any
time, and by making an exception that excuses Applicant=s plea of true to the enhancement
paragraph, we conclude that Applicant is entitled to relief.  The judgment in
this cause is hereby vacated, and Applicant is remanded to the custody of the
Sheriff of Denton County to answer the charges set out in the indictment.                                                                                                  

Meyers, J.

Delivered: June 7, 2006

Publish









[1]There is a discrepancy in the spelling of Applicant=s name.  The indictment and judgment against him list his name as ADavid Alan Rich@; his attorney in this action refers to him as ADavid Allen Rich@; and his name is listed in his application for a
writ of habeas corpus as ADavid Alen Rich.@  We have
decided to spell his name as it appears in the indictment and the judgment
against him. 





[2]A habitual offender is a person shown to have Apreviously been finally convicted of two felony offenses, and the
second previous felony conviction is for an offense that occurred subsequent to
the first previous conviction having become final . . .@  Tex. Penal Code. Ann. _
12.42(d) (Vernon=s Supp. 2001).  On conviction, a habitual offender Ashall be punished by imprisonment in the institutional division of the
Texas Department of Criminal Justice for life, or for any term of not more than
99 years or less than 25 years.@  Id.





[3]AA >void= or >illegal= sentence is one that is not authorized by law.@  See Ex parte Pena, 71 S.W.3d 336, 337 (Tex. Crim. App. 2002)
(citing Ex parte Johnson, 697 S.W.2d 605, 606-07 (Tex. Crim. App.
1985)).  





[4]See
Ex parte Siedel, 39 S.W.3d 221, 224 (Tex. Crim. App. 2001) (AWhile a judgment is merely >voidable for
irregularity,= it is >void for illegality.=@ (citing Ex parte White, 50 Tex. Crim.
473, 98 S.W.850, 851 (Tex. Crim. App. 1906))).





[5]See Ex parte Pena, 71 S.W.3d at 336-37 (A[A] claim that a judgment is inaccurate, which is
neither a claim of jurisdictional defect nor of a violation of constitutional
or fundamental rights, is not a basis for habeas relief under article 11.07 of
the Texas Code of Criminal Procedure.@).





[6]See Mizell,
119 S.W.3d at 805 (affirming the court of appeals= decision
that a fine of A$0@ was not a valid sentence under a statute which
provided for punishment by Aa fine not to exceed $4,000@); Ex parte Miller, 921 S.W.2d 239 (Tex. Crim. App. 1996)
(holding that the applicant=s sentence was illegal because at the time he
committed the offense, Texas law provided that a state jail felony could not be
enhanced); Ex parte Beck, 922 S.W.2d at 182 (same); Ex parte Johnson,
697 S.W.2d at 606 (holding that the fine assessed against the applicant was
unauthorized because the law did not allow the fine in addition to a sentencing
enhancement); Ex parte McIver, 586 S.W.2d at 853-54 (holding that the
verdict, judgment, and sentence were Avoid@ because the jury assessed confinement, without a
recommendation of probation, and a fine, with a recommendation of probation,
and this was not authorized by the statute).  Cf. Ex parte McCain, 67
S.W.3d at 211 (holding that a violation of article 1.13(c) of the Texas Code of
Criminal Procedure, requiring the appointment of counsel for a defendant
charged with a felony before acceptance of his waiver of a jury trial, was not
a cognizable habeas issue); Ex parte Pena, 71 S.W.3d at 336 (holding
that the applicant=s claimBthat a fine included in his written judgment, but
not imposed by the jury, was unauthorizedBwas not cognizable on habeas). 





[7]Ex parte Wingfield, 282 S.W.2d 219 (Tex. Crim. App. 1955) (Aif the error
was in the entry of judgment and not in the pronouncement, the judgment was not
void and was subject to correction by nunc pro tunc proceedings.@).





[8]It
is unnecessary to undertake a harm analysis in the instant case.  It is obvious
that Applicant has suffered harm because the improper enhancement of his
sentence resulted in punishment beyond the statutory maximum.





[9]While our holdings in Ex parte Nelson, 137
S.W.3d 666 (Tex. Crim. App. 2004), and Ex parte Townsend, 137 S.W.3d 79
(Tex. Crim. App. 2004), limit the ability of inmates to bring claims on habeas
corpus that they could have raised on direct appeal, the facts of Applicant=s case do not present this situation.  We have said that inmates may
not use the writ of habeas corpus as a substitute for appeal, but in a case
where the original record does not show the problem with the proceedings or the
punishment, habeas may be used as a substitute for a motion for new trial.  In
fact, in ineffective assistance of counsel cases, we have said that the
preferred method to present these claims is to submit an application for writ
of habeas corpus. See, e.g., Robinson v. State, 16 S.W.3d 808, 810 (Tex.
Crim. App. 2000).  





[10]Harvey v. State, 611 S.W.2d 108, 111 (Tex. Crim. App. 1981); see also O=Dell v. State, 467 S.W.2d 444 (Tex. Crim. App. 1971); Latta v. State, 507
S.W.2d 232 (Tex. Crim. App. 1974); Dinn v. State, 570 S.W.2d 910 (Tex.
Crim. App. 1978); Graham v. State, 546 S.W.2d 605 (Tex. Crim. App.
1977).





[11]We also note that the First Court of Appeals, in an
unpublished opinion, extended this exception to any case in which the record
shows that the prior conviction could not have been used for enhancement
purposes, despite the defendant=s plea of true to the enhancement paragraphs.  Cruz
v. State, No. 01-00-00463-CR, 2001 Tex. App. LEXIS 6654, at *1 (Tex. App.BHouston [1st Dist.] Oct. 4, 2001, no pet.) (not designated for
publication) (despite appellant=s plea of true to the prior felony conviction of
credit card abuse, this conviction could not be used to sentence appellant as a
habitual offender because the offense was a state jail felony, which may not be
used for enhancement purposes under Tex.
Pen. Code Ann. ' 12.42(e) as a matter of law). 





[12]While we do not know for sure, Applicant seemed to
believe that he was getting a good deal from the State when he was offered the
minimum sentence within the range of punishment for a habitual offender.  If
his prior conviction for the delivery of a controlled substance offense had
been properly characterized in the indictment, the State may not have offered
him the minimum sentence of 2 years for a second-degree felony, and there would
have been no reason for him to accept a plea bargain that gave him the maximum
sentence he could have possibly received by going to trial.  Although it is
impossible to predict with any certainty what sentence he would have received,
it probably would have been in the middle section of the 2 to 20 year range,
making his illegal sentence of 25 years very disparate. 





[13]Ex parte Elizondo, 947 S.W.2d 202, 205 (Tex. Crim. App. 1996).





[14]Id. at
209 (defendant bears burden of showing that newly discovered evidence
unquestionably establishes his innocence).