ACCEPTED
13-13-00349-CR
THIRTEENTH COURT OF APPEAL
CORPUS CHRISTI, TEXAS
1/27/2015 11:55:21 AM
DORIAN RAMIREZ
CLERK

CAUSE NO. 13-13-00349-CR

IN THE COURT OF APPEALS

FILED IN
13th COURT OF APPEALS
CORPUS CHRISTI/EDINBURG, TEXAS
1/27/2015 11:55:21 AM
DORIAN E. RAMIREZ
Clerk

FOR THE THIRTEENTH JUDICIAL DISTRICT

AT CORPUS CHRISTI, TEXAS

ADRIAN BARRERA,

APPELLANT


vs.


THE STATE OF TEXAS,

APPELLEE


ON APPEAL FROM THE 138th DISTRICT COURT

TRIAL COURT CASE NUMBER 2011-DCR-2796-B


_____


APPELLANT'S REPLY BRIEF

_____


ORAL ARGUMENT REQUESTED


Philip T. Cowen

Law Office of Philip Cowen

500 E. Levee Street

Brownsville, Texas

Tel. 956-541-1691

Fax. 956-541-6872

State Bar Number: 24001933

ATTORNEY FOR APPELLANT


January 27, 2015


_____

# TABLE OF CONTENTS

Page

Table of Authorities............................................................. iii

Notice of Parties................................................................ iv

Statement on Oral Argument............................................... v

Preliminary Statement......................................................... 1

Statement of Facts............................................. ............................. 2

Issues Presented ..... ........................................................ 3

Summary of the Argument................................................. 4

Argument......................................................................... 5

Issue#1. The State Mis-characterizes the Evidence and the Rule when....... 5
it argues that because the state decides to dismiss a charge after indictment, the
accomplices will never be accomplices as a matter of law.

Issue#2. The State's points on Issues 2 through 8 are merely distractions,.... 7
 attempting to get this court to ignore the law and facts of the issue.  Appellant
stands by his brief and his framing of the issues and ask this court to overturn his
conviction.

Prayer for Relief ................................................................. 7

Certificate OF Service.......................................................... 8

Certificate of Compliance..................................................... 9

# TABLE OF AUTHORITIES

State Cases

Chastain v. State, 97 Tex. Crim. 182, 260 S.W. 172 (1924).............. 5

Ex parte Zepeda, 819 S.W.2d 874 (Tex. Crim. App. 1991)............... 5

Herrera v. State, 115 Tex. Crim. 526, 27 S.W.2d 211 (1930)........... 5

Smith v. State, 332 S.W.3d 425 (Tex. Crim. App. 2011)................. 5

Solis v. State, 792 S.W.2d 95 (Tex. Crim. App. 1990).................... 4

Appellant informs the Court that the following persons have an interest in

this case.

Hon. Luis Saenz
State Bar No.
Cameron County District Attorney
Hon. Rene Gonzalez
State Bar No. 08131380
Hon.  Gustavo Garza
State Bar No. 07731700
Hon. Art Teniente
State Bar No. 24070730
Cameron County District Attorney's Office
964 E. Harrison
Brownsville, Texas  78520
Hon. Jennifer Avendano State Appellant Attorney
State Bar No. 19058400
Cameron County District Attorney
974 E. Harrison
Brownsville, Texas  78520
Tel. (956) 544-0849
Fax (956) 544-0859

Hon. Dan Sanchez
State Bar.  24004064
501 E, Tyler
Harlingen, Texas 78520
Tel. 956-425-5297
Fax 956-399-0706

Philip T. Cowen
State Bar No. 24001933
500 E. Levee St.
Brownsville, Texas 78520
Tel. 956-541-1691
Fax 956-541-6872

Statement on Oral Argument

A good discussion between the parties and this court will help sort out the equities in order for this court to appropriately  fashion appropriate remedies. Issues 5 and 8 are unusual, and there does not seem to be very much recent case law concerning these issues. A Cameron County jury convicted a person for murder a few years ago, and the legislature responded by removing probation from consideration by the jury and judge. Now, the new law catches up with us and an error took place because no one remembered the law had changed, and jurors were improperly stricken because they could not grant probation if a person was convicted of murder. The prohibition in Rule of Evidence 605 is still an open question in case law, at least as to what is the functional equivalent of testimony. This court should find oral argument useful in making a determination as to how to be handle these issues, as well as the other issues in this case.

CAUSE NO. 13-13--00349-CR

IN THE COURT OF APPEALS

FOR THE THIRTEENTH JUDICIAL DISTRICT

AT CORPUS CHRISTI, TEXAS
ADRIAN BARRERA,
APPELLANT

vs.

THE STATE OF TEXAS,
APPELLEE

ON APPEAL FROM THE 138th DISTRICT COURT
TRIAL COURT CASE NUMBER 2011-DCR-2796-B

_____

TO THE HONORABLE JUSTICES OF THIS COURT:

Comes now, ADRIAN BARRERA,  hereinafter referred to as Appellant or

Barrera, who submits this brief, pursuant to the provisions of the Texas Rules of

Appellate Procedure, in support of his request for a judgment of acquittal, and, in

the alternative his request for a  new trial and other remedies,  in cause number

2011-DCR-2796-B.

Preliminary Statement

The preliminary statement in the original brief is adopted for purposes of

this reply brief.

1

Statement of Facts

The Statement of Facts in the original brief is adopted for purposes of this reply brief.

## STATEMENT OF THE ISSUES

Issue#1. The State Mis-characterizes the Evidence and the Rule when it argues  that because the state decides to dismiss a charge after indictment, the accomplices will never be accomplices as a matter of law.

Issue#2. The State's points on Issues 2 through 8 are merely distractions, attempting to get this court to ignore the law and facts of the issue.  Appellant stands by his brief and his framing of the issues and ask this court to overturn his conviction.

## SUMMARY OF THE ARGUMENT

Appellant stands by his issues in his original brief. He argues that the state mis-characterizes the facts and rule concerning accomplice witnesses, and that the state should not be able to circumvent the rule by dropping charges in order to sanitize testimony.

ARGUMENT

Issue#1. The State Mis-characterizes the Evidence and the Rule when it argues that because the state decides to dismiss a charge after indictment, the accomplices will never be accomplices as a matter of law.

Certainly if there is no evidence in a case that witness are accomplices, then they are not accomplices. In this case, very simply, three co-defendants were charged by indictment with the same murder as Appellant was charged with, and for that reason an accomlice witness instruction was appropriate. One of them was convicted, sentenced, served a sentence of probation, and then had it set aside on a writ. The state, in its brief, admits that a witness who is indicted for the same offense or a lesser-included offense as the accused is an accomplice as a matter of law. Ex parte Zepeda, 819 S.W.2d 874, 876 (Tex. Crim. App. 1991); *Solis v. State*, 792 S.W.2d 95, 97 (Tex. Crim. App. 1990); Herrera v. State, 115 Tex. Crim. 526, 27 S.W.2d 211,212 (1930); Chastain v. State, 97 Tex. Crim. 182, 260 S.W. 172, 173 (1924). The State contents that Smith v. State indicates that an accomplice is no longer an accomplice if the state abandons the indictment against the accomplice before he or she testifies. Smith v. State, 332 S.W.3d 425, 439-40 (Tex. Crim. App. 2011). In that case, the Court of appeals did not get to that question. It is thus still not the law of the state that a person who was charged and indicted and then had the charges dismissed are not accomplices as a matter of law

5

if the charges are dismissed before the person testifies. The purpose of the rule is met, as here, when the state chooses to indict a person, and not, as later, when the state seeks to structure the trial of a defendant and then proceed to sanitize the accomplices by dismissing the charge in order to have them testify substantively against a defendant. This later scenario would undercut a great part of the accomplice witness rule by having defendants bargain away their crimes, and for the state to remain forever mum about the deal, in exchange for getting the biggest bad guy. This is what happened in this case. The state wants to make its version of Smith the rule. That is not the rule, and this court should not make it the law of the land.

In the last point, on this issue, the state argues that because defense counsel did not ask for an accomplice witness instruction requiring the jury to determine first if the witnesses were accomplishes the error was not preserved for appeal. Appellant response that a request for an accomplice witness instruction is sufficient to clue a trial court as to the fact that the jury is to determine whether someone is an accomplice. The defense does not have to get into the finer points of accomplice witness law to preserve error. The trial court, if it has any basis for handing the issue to the jury, and an accomplice witness instruction is requested, must charge to the jury, in some fashion, in order to meet the purposes of the

6

statute.

Issue#2. The State's points on Issues 2 through 8 are merely distractions, attempting to get this court to ignore the law and facts of the issue. Appellant stands by his brief and his framing of the issues and ask this court to overturn his conviction.

## Conclusion

Appellant stands by his brief and his framing of the issues and ask this court to overturn his conviction.

## PRAYER

Issue 1 requires an acquittal if the court finds no corroborating evidence other than accomplice witness testimony. If not, it requires remand for retrial as the jurors were not informed as to the true nature of the accomplices when they testified as ordinary witnesses.

Issue 2, 3, 5, and 8 requires reversal and remand for retrial. And, Issue 6 and 7 require remand for re-sentencing. However, because the evidence is insufficient to convict, following Issue 4, Barrera must be acquitted.

Respectfully Submitted by,

_____/s/Philip T. Cowen___
Philip T. Cowen
Law Office of Philip Cowen
500 E. Levee St.
Brownsville, Texas 78520
Tel. 956-541-6031

Fax 956-541-6872
email: ptchb@att.net

CERTIFICATE of SERVICE

This is to certify that on January 27, 2015 a true and correct copy of the above and foregoing document was served on the District Attorney's office, the Hon. Jennifer Avendano, Cameron County, 974 E. Harrison St., Brownsville, Texas 78520, by email.


_____/s/Philip T. Cowen_____
Philip T. Cowen

Certificate of Compliance

I certify that this brief was prepared with WordPerfect X4, in Time New Roman 14 point type for the body of the brief, and 12 point type for footnotes and long quotations from the transcript or from cases.

I also certify that, according to the Wordperfect X4 program's word-count function, the sections covered by TRAP 9.4(i)(1), (excluding any caption, identity of parties and counsel, statement regarding oral argument, table of contents, table of authorities, statement of the case, statement of issues presented, statement of jurisdiction, statement of procedural history, signature, proof of service, certification, certificate of compliance)  contains 599  words.

The pdf  copy of this brief was scanned for viruses, and was found to be virus free,  using the latest version of Windows Security Essentials, Windows Defender.


_____/s/Philip T. Cowen_____
         Philip T. Cowen