**F I L E D**
IN THE 13TH COURT OF APPEALS
CORPUS CHRISTI

1/14/15

**DORIAN E. RAMIREZ, CLERK**
BY DTello

ACCEPTED
13-13-00349-CR
THIRTEENTH COURT OF APPEAL
CORPUS CHRISTI, TEXAS
1/14/2015 10:56:29 AM
DORIAN RAMIREZ
CLERK

**CAUSE NO. 13-13-00349-CR**

**IN THE COURT OF APPEALS**

RECEIVED IN
13th COURT OF APPEALS
CORPUS CHRISTI/EDINBURG, TEXAS
1/14/2015 10:56:29 AM
DORIAN RAMIREZ
Clerk

**THIRTEENTH JUDICIAL DISTRICT OF TEXAS**

**CORPUS CHRISTI - EDINBURG, TEXAS**

**ADRIAN BARRERA,**
**Appellant**

**v.**

**STATE OF TEXAS,**
**Appellee.**

**On appeal from the 138th Judicial District Court**
**of Cameron County, Texas**
**Trial Court Cause Number 2011-DCR-2796-B**

**STATE'S APPELLATE BRIEF**

**ORAL ARGUMENT REQUESTED**

**Luis V. Saenz**
**Cameron County District Attorney**

**René B. González**
**Assistant District Attorney**
964 East Harrison Street, 4th Floor
Brownsville, Texas  78520
Phone: (956) 544-0849
Fax:(956) 544-0869

**Attorneys for the State of Texas**

# TABLE OF CONTENTS

Table of Contents. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  i

Index of Authorities.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

Salutation. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Summary of the Argument. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Argument and Authorities. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

    State's Response to Appellant's First Issue on Appeal. . . . . . . . . . . . . . . . 3

    State's Response to Appellant's Second Issue on Appeal. . . . . . . . . . . . . . 7

    State's Response to Appellant's Third Issue on Appeal. . . . . . . . . . . . . .  10

    State's Response to Appellant's Fourth Issue on Appeal.. . . . . . . . . . . . .  14

    State's Response to Appellant's Fifth Issue on Appeal. . . . . . . . . . . . . . .  19

    State's Response to Appellant's Sixth Issue on Appeal.. . . . . . . . . . . . . .  25

    State's Response to Appellant's Seventh Issue on Appeal. . . . . . . . . . . .  30

    State's Response to Appellant's Eighth Issue on Appeal.. . . . . . . . . . . . .  33

Prayer. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 35

Certificate of Compliance. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 36

Certificate of Service. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 36

# INDEX OF AUTHORITIES

**Case law**                                                                    **Page**

*Adanandus v. State*,
866 S.W.2d 210 (Tex. Crim. App. 1993). . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Arnold v. State*,
853 S.W.2d 543 (Tex. Crim. App. 1993). . . . . . . . . . . . . . . . . . . . . . . . . 15, 16

*Avila v. State*,
954 S.W.2d 830 (Tex. App.--El Paso 1997, pet. ref'd). . . . . . . . . . . . . . . . . . . 9

*Barrara v. State*,
42 Tex. 260 (1874). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Brooks v. State*,
642 S.W.2d 791 (Tex. Crim. App. 1982). . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

*Cameron v. State*,
988 S.W.2d 835 (Tex. App.--San Antonio 1999, pet. ref'd). . . . . . . . . . . . . . . 21

*Cantu v. State*,
842 S.W.2d 667 (Tex. Crim. App. 1992). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Chastain v. State*,
97 Tex. Crim. 182, 260 S.W. 172 (1924). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Cocke v. State*,
201 S.W.3d 744 (Tex. Crim. App. 2006). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Coggeshall v. State*,
961 S.W.2d 639 (Tex. App.--Fort Worth 1998, pet. ref'd).. . . . . . . . . . . . . . . 20

*Coleman v. State*,
No. 05–01–01662–CR, 2003 WL 1059641 (Tex. App.--Dallas
Mar.12, 2003, pet. ref'd). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Crissman v. State*,
93 Tex. Crim. 15, 245 S.W. 438 (1922). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Doyle v. Ohio*,
426 U.S. 610 (1976). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 30

*Druery v. State*,
225 S.W.3d 491 (Tex. Crim. App. 2007). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Duckett v. State*,
797 S.W.2d 906 (Tex. Crim. App. 1990), . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Ethington v. State*,
819 S.W.2d 854 (Tex. Crim. App. 1991). . . . . . . . . . . . . . . . . . . . . . . . . . . . 31

*Ex parte Zepeda*,
819 S.W.2d 874 (Tex. Crim. App. 1991). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Fairow v. State*,
943 S.W.2d 895 (Tex. Crim. App. 1997). . . . . . . . . . . . . . . . . . . 14, 15, 16, 17

*Flamenco v. State*,
No. 13-12-00345-CR, 2014 WL 4401527 (Tex. App.--Corpus Christi
Aug. 29, 2014, no pet.). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*Flores v. State*,
125 S.W.3d 744 (Tex. App.--Houston [1st Dist.] 2003, no pet.). . . . . . . . . . . . 31

*Gamez v. State*,
737 S.W.2d 315 (Tex. Crim. App. 1987). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Garza v. State*,
164 Tex. Crim. 9, 296 S.W.2d 267 (1956). . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Gillam v. State*,
No. 05-11-01334-CR, 2013 WL 1628386 (Tex. App.--Dallas
Apr. 16, 2013, pet. ref'd). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Godfrey v. State*,
859 S.W.2d 583 (Tex. App.--Houston [14th Dist.] 1993, no pet.). . . . . . . . . . . . 21

*Goff v. State*,
931 S.W.2d 537 (Tex. Crim. App. 1996). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 31

*Hammond v. State*,
799 S.W.2d 741 (Tex. Crim. App. 1990). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 34

*Havard v. State*,
800 S.W.2d 195 (Tex. Crim. App. 1989). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Heidelberg v. State*,
144 S.W.3d 535 (Tex. Crim. App. 2004). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 31

*Hensarling v. State*,
829 S.W.2d 168 (Tex. Crim. App. 1992). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 33

*Hernandez v. State*,
No. 13-02-631-CR, 2004 WL 3217821 (Tex. App.--Corpus Christi
July 29, 2004, no pet.). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20, 25

*Herrera v. State*,
11 S.W.3d 412 (Tex. App.--Houston [1st Dist.] 2000, pet. ref'd). . . . . . . 20, 23, 24

*Herrera v. State*,
115 Tex. Crim. 526, 27 S.W.2d 211 (1930). . . . . . . . . . . . . . . . . . . . . . . 5, 26, 27

*Hobson v. State*,
644 S.W.2d 473 (Tex. Crim. App. 1983). . . . . . . . . . . . . . . . . . . . . . . . . . . 27, 28

*Hudson v. State*,
675 S.W.2d 507 (Tex. Crim. App. 1984). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 32

*Hutch v. State*,
922 S.W.2d 166 (Tex. Crim. App. 1996). . . . . . . . . . . . . . . . . . . . . . . . . . . 24, 29

*Johnson v. State*,
 84 S.W.3d 726 (Tex. App.--Houston [1st Dist.] 2002, pet. ref'd). . . . . . . . . . 31, 32

*Jones v. State*,
85 Tex. Crim. 538, 214 S.W. 322 (1919). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Jones v. State*,
982 S.W.2d 386 (Tex. Crim. App. 1998). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

*Klein v. State*,
662 S.W.2d 166 (Tex. App.--Corpus Christi 1983, no pet.). . . . . . . . . . . . . . . . 14

*Ladd v. State*,
3 S.W.3d 547 (Tex. Crim. App. 1999). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

*Lagrone v. State*,
942 S.W.2d 602 (Tex. Crim. App. 1997). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

*Lee v. State*,
971 S.W.2d 130 (Tex. App.--Houston [14th Dist.] 1998, pet. ref'd). . . . . . . . . . 20

*Lum v. State*,
903 S.W.2d 365 (Tex. App.--Texarkana 1995, pet. ref'd). . . . . . . . . . . . . . . . . 31

*McDonald v. State*,
911 S.W.2d 798 (Tex. App.--San Antonio 1995, pet. dism'd). . . . . . . . . . . . . . . 8

*McKinney v. State*,
179 S.W.3d 565 (Tex. Crim. App. 2005). . . . . . . . . . . . . . . . . . . . . . . . . 26, 27, 28

*Middleton v. State*,
125 S.W.3d 450 (Tex. Crim. App. 2003). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 27

*Morales v. State*,
32 S.W.3d 862 (Tex. Crim. App. 2000). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

*Motilla v. State*,
78 S.W.3d 352 (Tex. Crim. App. 2002). . . . . . . . . . . . . . . . . . . . . . . . . . . . 17, 18

*Nevarez v. State*,
270 S.W.3d 691 (Tex. App.--Amarillo 2008, no pet.). . . . . . . . . . . . . . . . . . . 12

*Ngo v. State*,
175 S.W.3d 738 (Tex. Crim. App. 2005). . . . . . . . . . . . . . . . . . . . . . . . . . 27, 29

*Nonn v. State*,
117 S.W.3d 874 (Tex. Crim. App. 2003). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

*Oates v. State*,
48 Tex. Crim. 131, 86 S.W. 769 (1905). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Orosco v. State*,
827 S.W.2d 575 (Tex. App.--Fort Worth 1992, pet. ref'd).. . . . . . . . . . . . . . . 21

*Osbourn v. State*,
92 S.W.3d 531 (Tex. Crim. App. 2002). . . . . . . . . . . . . . . . . . . . . . . . . . 15, 16

*Osby v. State*,
939 S.W.2d 787 (Tex. App.--Fort Worth 1997, pet. ref'd).. . . . . . . . . . . . . 9, 10

*Romero v. State*,
800 S.W.2d 539 (Tex. Crim. App. 1990). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Ross v. State*,
861 S.W.2d 870 (Tex. Crim. App. 1992). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Rousseau v. State*,
855 S.W.2d 666 (Tex. Crim. App. 1993). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Royster v. State*,
622 S.W.2d 442 (Tex. Crim. App. 1981). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Sanchez v. State*,
707 S.W.2d 575 (Tex. Crim. App. 1986). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 31

*Schroeder v. State*,
123 S.W.3d 398 (Tex. Crim. App. 2003). . . . . . . . . . . . . . . . . . . . . . . . 11, 13, 14

*Skinner v. State*,
956 S.W.2d 532 (Tex. Crim. App. 1997). . . . . . . . . . . . . . . . . . . . . . . . . . 10, 11

*Smith v. State*,
332 S.W.3d 425 (Tex. Crim. App. 2011). . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 6

*Smith v. State*,
721 S.W.2d 844 (Tex. Crim. App. 1986). . . . . . . . . . . . . . . . . . . . . . . . . . . . 31

*Solis v. State*,
792 S.W.2d 95 (Tex. Crim. App. 1990). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*State v. Stewart*,
282 S.W.3d 729 (Tex. App.--Austin 2009, no pet.). . . . . . . . . . . . . . . . . . . . . . 34

*Wilson v. State*,
71 S.W.3d 346 (Tex. Crim. App. 2002). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 31

*Wood v. State*,
18 S.W.3d 642 (Tex. Crim. App. 2000). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

*Wooten v. State*,
400 S.W.3d 601 (Tex. Crim. App. 2013). . . . . . . . . . . . . . . . . . . . . . . . . . . . 29

**Statutes**

Tex. Code Crim. Proc. art. 37.09(3). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11, 12

Tex. Code Crim. Proc. art. 38.14.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Tex. Code Crim. Proc. art. 38.36(b). . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 8, 9, 10

Tex. Code Crim. Proc. art. 42.12, § 4. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

Tex. Const. art. I, § 10. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 31

Tex. Penal Code § 6.03(c). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Tex. Penal Code § 19.02(a)(1). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 26

Tex. Penal Code § 19.02(a)(2). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 26, 27

Tex. Penal Code § 19.02(d). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25, 26

Tex. Penal Code § 19.04. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

**Rules**

Tex. R. App. P. 33.1(a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 31

Tex. R. App. P. 38.2. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Tex. R. App. P. 44.2(b). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . passim

Tex. R. App. P. 9.5. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 36

Tex. R. Evid. 605. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 33, 34

Tex. R. Evid. 701. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15, 16

Tex. R. Evid. 704. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

**CAUSE NO. 13-13-00349-CR**

_____

**IN THE COURT OF APPEALS**

**THIRTEENTH JUDICIAL DISTRICT OF TEXAS**

**CORPUS CHRISTI - EDINBURG, TEXAS**

_____

**ADRIAN BARRERA, Appellant**

**v.**

**STATE OF TEXAS, Appellee**

_____

**STATE'S APPELLATE BRIEF**

_____

**TO THE HONORABLE COURT OF APPEALS:**

**COMES NOW**, Appellee, the **STATE OF TEXAS**, by and through the Cameron County District Attorney, the Honorable Luis V. Saenz, and, pursuant to Rule 38.2 of the Texas Rules of Appellate Procedure, files this, its Appellate Brief in the above-styled and -numbered cause of action, and in support thereof, would show this Honorable Court as follows:

**SUMMARY OF ARGUMENT**

Appellant raises eight issues on appeal. (1) In his first issue, Appellant argues that the trial court erred in denying his request for an accomplice witness instruction

in the jury charge. Appellant specifically argues that three of the witnesses who testified herein were accomplices as a matter of law; and therefore, Appellant was entitled to the appropriate jury charge. In response, the State asserts that the facts clearly demonstrate that said witnesses were not accomplices as a matter of law. (2) In his second issue, Appellant complains the trial court erred in excluding Dr. Gonzalez's testimony at the guilt-innocence phase of trial, and further contends that the trial court's refusal to admit the expert testimony denied him his Sixth Amendment right to present a defense. The State responds that the trial court's exclusion of the expert witness was proper under the law. (3) In his third issue, Appellant complains that the trial court erred in denying his request for a lesser included charge on the offense of manslaughter. The State responds by asserting that Appellant has failed to demonstrate that he was entitled to such a lesser included charge. (4) In his fourth issue, Appellant argues that a fundamental defect runs through the entire trial because the trial court allowed the State to question several eyewitnesses as to whether Appellant acted intentionally in murdering the victim herein. The State responds by asserting that it was not error to allow the eyewitnesses to testify to their perception of Appellant's actions at the time of the murder. (5) In his fifth issue, Appellant argues that the trial court erred in denying his motion for mistrial after it was discovered that both counsel for the State and Appellant

erroneously informed the venire panel that Appellant was eligible for probation. The State responds by asserting that the trial court did not err in denying Appellant's motion for mistrial as any error as a result of counsels' misstatements was not harmful. (6) In his sixth issue, Appellant argues that the trial court erred in failing to instruct the jury on sudden passion in the court's charge on punishment. The State responds by asserting that the evidence did not entitle Appellant to an instruction on sudden passion. (7) In his seventh issue, Appellant argues that the State impermissibly commented on Appellant's post-arrest silence through questions on cross-examination. The State responds by asserting that Appellant's complaint has not been preserved for review on appeal. (8) In his eight issue, Appellant argues that the judge of the trial court erred when he did not recuse himself after he became a witness who testified in this cause. The State responds by asserting that the trial judge did not testify in this cause and was not a witness herein.

## ARGUMENT & AUTHORITIES

### State's Response to Appellant's First Issue

Appellant argues in his first issue on appeal that the trial court erred in denying his request for an accomplice witness instruction in the jury charge. Appellant specifically argues that three of the witnesses who testified herein were accomplices

as a matter of law; and therefore, Appellant was entitled to the appropriate jury charge. In response, the State asserts that the facts clearly demonstrate that said witnesses were not accomplices as a matter of law.

Texas law provides that "[a] conviction cannot be had upon the testimony of an accomplice unless corroborated by other evidence tending to connect the defendant with the offense committed[.]" Tex. Code Crim. Proc. art. 38.14; *see Druery v. State*, 225 S.W.3d 491, 498 (Tex. Crim. App. 2007) (testimony of an accomplice must be corroborated by "independent evidence tending to connect the accused with the crime"). Because the rule requires corroboration of accomplice-witness testimony before a conviction can stand, the jury must be instructed accordingly, but the particular instruction that must be given depends on the circumstances of each case. A proper accomplice-witness instruction informs the jury either that a witness is an accomplice as a matter of law or that he is an accomplice as a matter of fact. *Cocke v. State*, 201 S.W.3d 744, 747 (Tex. Crim. App. 2006). The evidence in each case will dictate the type of accomplice-witness instruction that needs to be given, if any. *Id*.

A witness who is indicted for the same offense or a lesser-included offense as the accused is an accomplice as a matter of law. *Cocke*, 201 S.W.3d at 748; *Ex parte Zepeda*, 819 S.W.2d 874, 876 (Tex. Crim. App. 1991); *Solis v. State*, 792 S.W.2d 95,

97 (Tex. Crim. App. 1990); *Herrera v. State*, 115 Tex. Crim. 526, 27 S.W.2d 211, 212 (1930); *Chastain v. State*, 97 Tex. Crim. 182, 260 S.W. 172, 173 (1924). But if the State dismisses the indictment before the witness testifies, the witness is no longer deemed an accomplice as a matter of law. *Smith v. State*, 332 S.W.3d 425, 439-40 (Tex. Crim. App. 2011); *Garza v. State*, 164 Tex. Crim. 9, 296 S.W.2d 267, 268–69 (1956) (*citing Herrera*, 27 S.W.2d at 212; *Crissman v. State*, 93 Tex. Crim. 15, 245 S.W. 438, 438 (1922); *Jones v. State*, 85 Tex. Crim. 538, 214 S.W. 322, 329 (1919)). A witness continues to be regarded as an accomplice, however, if the witness agrees to testify against the accused in exchange for the dismissal of the charge. *Smith*, 332 S.W.3d at 439-40; *Oates v. State*, 48 Tex. Crim. 131, 86 S.W. 769, 772 (1905); *Barrara v. State*, 42 Tex. 260, 264 (1874). When the evidence clearly shows that a witness is not an accomplice, the trial judge is not obliged to instruct the jury on the accomplice witness rule -- as a matter of law or fact. *Smith*, 332 S.W.3d at 440; *Gamez v. State*, 737 S.W.2d 315, 322 (Tex. Crim. App. 1987).

Appellant complains that the witnesses Jesus Collazo, Jesus Hernandez, and Aurora Garcia were accomplices as a matter of law, because they were indicted or formally charged in the murder of Ramiro Barron. However, Appellant also concedes in his brief that the State had dropped charges against these witnesses. (Appellant's Brief, p. 23). The record herein demonstrates that charges were, in fact, dropped

against these witnesses. Aurora Garcia testified that the charges against her were dismissed for lack of evidence. (R.R. Vol. 5, p. 40). Aurora further testified that she never agreed to testify against Appellant in exchange for the dismissal. (R.R. Vol. 5, pp. 103-104). Jesus Hernandez testified that the charge against him was likewise dismissed because of insufficient evidence. (R.R. Vol. 5, p. 180). Finally, Jesus Collazo testified that his charge was likewise dismissed, and nothing was promised to him for said dismissal. (R.R. Vol. 5, p. 229). At the charge conference, Appellant's counsel requested an instruction that said witnesses were accomplices as a matter of law. (R.R. Vol. 6, pp. 137-138). Said request was denied.

Under the law cited above, the trial court did not err in denying Appellant's request for an accomplice witness instruction because said witnesses were clearly not accomplices, as a matter of law. *Smith*, 332 S.W.3d at 439-40. Further, Appellant's trial counsel never requested an accomplice witness instruction, on the grounds that said witnesses were accomplices as a matter of fact; and, Appellant does not argue on appeal that said witnesses are accomplices as a matter of fact. Therefore, this Court need not consider whether said witnesses are accomplices as a matter of fact.

Accordingly, Appellant's first issue should be overruled.

***State's Response to Appellant's Second Issue***

In his second issue, Appellant complains the trial court erred in excluding Dr. Gonzalez's testimony at the guilt-innocence phase of trial, and further contends that the trial court's refusal to admit the expert testimony denied him his Sixth Amendment right to present a defense. The State responds that the trial court's exclusion of the expert witness was proper under the law.

*Admissibility Of Expert Testimony Under Article 38.36(b)*

A trial court's ruling on the admissibility of evidence is subject to an abuse of discretion standard on appeal. *Duckett v. State*, 797 S.W.2d 906, 910 (Tex. Crim. App. 1990), *overruled on other grounds, Cohn v. State*, 849 S.W.2d 817 (Tex. Crim. App. 1993). An abuse of discretion will be found "only when the trial judge's decision was so clearly wrong as to lie outside that zone within which reasonable persons might disagree." *Cantu v. State*, 842 S.W.2d 667, 682 (Tex. Crim. App. 1992). Even if the trial court's reason for its ruling is incorrect, the ruling will be upheld if it is permissible under any theory applicable to the case. *Romero v. State*, 800 S.W.2d 539, 543 (Tex. Crim. App. 1990).

Appellant's contention at trial and on appeal is that he was entitled to put on expert testimony concerning his state of mind at the time he committed the killing. As support for his position, Appellant relies on article 38.36(b) of the Texas Code of

Criminal Procedure. Article 38.36(b) provides:

> (b) In a prosecution for murder, if a defendant raises as a defense a justification provided by Section 9.31, 9.32, or 9.33, Penal Code, the defendant, in order to establish the defendant's reasonable belief that use of force or deadly force was immediately necessary, shall be permitted to offer:
>
> > (1) relevant evidence that the defendant had been the victim of acts of family violence committed by the deceased, as family violence is defined by Section 71.01, Family Code; and
> >
> > (2) relevant expert testimony regarding the condition of the mind of the defendant at the time of the offense, including those relevant facts and circumstances relating to family violence that are the basis of the expert's opinion.

Tex.Code Crim. Proc. art. 38.36(b). Appellant makes no showing that has met the requirements of article 38.36(b); specifically, Appellant has not shown that he was acting in self-defense, as required by the statute, and he has not shown that he had been the victim of family violence, also as required by the statute. Numerous courts have made it clear that expert testimony is admissible under article 38.36(b) *only* when the defendant (1) raises self-defense as a defense and (2) establishes that he was a victim of family violence at the hands of the deceased. *McDonald v. State*, 911 S.W.2d 798, 802 (Tex. App.--San Antonio 1995, pet. dism'd) (holding that, expert testimony is inadmissible when a defendant raises self-defense, unless the defendant first establishes that he was a victim of family violence at the hands of the deceased);

*Avila v. State*, 954 S.W.2d 830, 840-41 (Tex. App.--El Paso 1997, pet. ref'd) (same);

*Osby v. State*, 939 S.W.2d 787, 791 (Tex. App.--Fort Worth 1997, pet. ref'd)

("Because [defendant] did not establish that he was a victim of family violence at the

hands of the two decedents, he was not entitled to put on expert testimony concerning

his state of mind at the time of the killings."); *Coleman v. State*, No.

05–01–01662–CR, 2003 WL 1059641, at \*2 (Tex. App.--Dallas Mar.12, 2003, pet.

ref'd) (following *Avila* and *Osby*); *Gillam v. State*, No. 05-11-01334-CR, 2013 WL

1628386, at \*11-12 (Tex. App.--Dallas Apr. 16, 2013, pet. ref'd), ("in the trial of a

murder case in which self-defense is raised, article 38.36(b)(2) of the Texas Code of

Criminal Procedure authorizes admission of 'relevant expert testimony regarding the

condition of the mind of the defendant at the time of the offense' if the defendant had

been a victim of family violence as defined in the family code committed by the

deceased.").

In the present case, Appellant has failed to point to anywhere in the record that

demonstrates any type of familial relationship between him and the victim; and

indeed, there is no such evidence in the record.

Appellant further complains that the trial court's exclusion of the expert's

testimony regarding his state of mind denied him his Sixth Amendment right to

present a defense. As demonstrated above, the trial court's ruling regarding this

testimony was proper because the proferred testimony was inadmissible under article 38.36(b) and because the defense was not raised by the evidence. When a trial court properly excludes expert testimony that is inadmissible under article 38.36(b), "it goes without saying that a trial court does not violate a defendant's constitutional rights by excluding inadmissible evidence." *Osby*, 939 S.W.2d at 792-93.

Accordingly, Appellant's second issue should be overruled.

### State's Response to Appellant's Third Issue

In his third issue, Appellant complains that the trial court erred in denying his request for a lesser included charge on the offense of manslaughter. The State responds by asserting that Appellant has failed to demonstrate that he was entitled to such a lesser included charge.

If facts are elicited during trial that raise an issue of a lesser-included offense and a charge is properly requested, then a charge on the issue must be given. *Ross v. State*, 861 S.W.2d 870, 877 (Tex. Crim. App. 1992). The Court of Criminal Appeals has established a two-pronged test to determine whether a defendant is entitled to a charge on a lesser-included offense. *Skinner v. State*, 956 S.W.2d 532, 543 (Tex. Crim. App. 1997); *Royster v. State*, 622 S.W.2d 442 (Tex. Crim. App. 1981). First, the lesser-included offense must be included within the proof necessary

to establish the offense charged, and, second, some evidence must exist in the record that would permit a jury rationally to find that if the defendant is guilty, he is guilty only of the lesser offense. *Skinner*, 956 S.W.2d at 543, *citing Rousseau v. State*, 855 S.W.2d 666, 673 (Tex. Crim. App. 1993). In deciding whether the issue of a lesser-included offense is raised, this Court should look to all the evidence presented at trial. *Havard v. State*, 800 S.W.2d 195, 216 (Tex. Crim. App. 1989). It is not enough that the jury may disbelieve crucial evidence pertaining to the greater offense. *Skinner*, 956 S.W.2d at 543. Rather, there must be some evidence directly germane to a lesser-included offense for the fact-finder to consider before an instruction on a lesser-included offense is warranted. *Id*.

The State concedes that the first prong of the test is satisfied. The indictment charged appellant with murder as defined in section 19.02(b)(1) of the Penal Code, requiring proof that he intentionally or knowingly caused Barron's (the victim) death. Appellant could have been convicted of manslaughter on proof that he recklessly caused Barron's death. *See* Tex. Penal Code § 19.04 (defining manslaughter). Manslaughter thus is a lesser-included offense of the charged murder. *See* Tex. Code Crim. Proc. art. 37.09(3) (offense is lesser-included offense if, *inter alia*, it differs from offense charged only in respect that a less culpable mental state suffices to establish its commission); *Schroeder v. State*, 123 S.W.3d 398, 400 (Tex. Crim. App.

2003) (voluntary manslaughter is lesser-included offense of murder under Code of Criminal Procedure article 37.09(3)).

Application of the second prong of the test requires that there exist in the record some evidence that Appellant was reckless in causing the death of the victim, but did not act intentionally or knowingly. *See Adanandus v. State*, 866 S.W.2d 210, 232 (Tex. Crim. App. 1993) (applying second prong analysis). Section 6.03(c) of the Texas Penal Code provides that a person's conduct is reckless when he "is aware of but consciously disregards a substantial and unjustifiable risk ... the result will occur." Tex. Penal Code § 6.03(c). In contrast, one acts intentionally "when it is his conscious objective or desire to engage in the conduct or cause the result" or knowingly "when he is aware that his conduct is reasonably certain to cause the result." *Id.* In other words, for Appellant to receive an instruction on the lesser included offense of manslaughter, a rational jury must be able to find that Appellant behaved in such a way that he consciously disregarded a substantial and unjustifiable risk toward the victim, but was not aware that his conduct was reasonably certain to cause the victim's death. *Id.*; *Nevarez v. State*, 270 S.W.3d 691, 694 (Tex. App.--Amarillo 2008, no pet.).

In this case, Appellant argues that there was evidence that he became angry; and therefore, his firing of the gun at the victim was reckless. In support of this,

Appellant cites to the witnesses' statement that Appellant was "mad" (R.R. Vol. 5, p. 71), and that he "went off" and shot the victim because "he didn't get away from his truck" (R.R. Vol. 5, p. 160). (See Appellant's Brief, p. 29). By citing to this evidence, Appellant merely demonstrates that there was some evidence that Appellant was angry; however, this is not evidence that would permit a jury to rationally find that at the time of the firing of the gun, the appellant was aware of, but consciously disregarded, a substantial and unjustifiable risk that the victim would die as a result of his conduct. *Schroeder v. State*, 123 S.W.3d 398, 401 (Tex. Crim. App. 2003). Indeed, by Appellant's thinking, every murder defendant would be able entitled to a lesser included charge of manslaughter by merely demonstrating that the victim made them mad. This is a legal proposition that would essentially do away with murder in the State of Texas.

Appellant further makes much of the fact that Appellant shot the victim at an angle, through the truck window. (Appellant's Brief, p. 32-33). Appellant essentially argues that the victim may have walked into the line of fire, although there is absolutely no evidence to substantiate this claim. What the evidence does demonstrate is that Appellant shot the victim twice in the back. (R.R. Vol. 4, p. 13). However, again, there is no reasonable way that this is evidence can be interpreted to permit a jury to rationally find that at the time of the firing of the gun, the

Appellant was aware of, *but consciously disregarded*, a substantial and unjustifiable risk that the victim would die as a result of his conduct. *Schroeder*, 123 S.W.3d at 401.

Accordingly, Appellant's third issue should be overruled.

***State's Response to Appellant's Fourth Issue***

In his fourth issue, Appellant argues that a fundamental defect runs through the entire trial because the trial court allowed the State to question several eyewitnesses whether Appellant acted intentionally in murdering the victim herein. The State responds by asserting that it was not error to allow the eyewitnesses to testify to their perception of Appellant's actions at the time of the murder.

Appellant relies on this Court's opinion in *Klein v. State*, 662 S.W.2d 166 (Tex. App.--Corpus Christi 1983, no pet.). In *Klein*, the court held that the witness could not testify to the defendant's culpable mental state (i.e. intent) because it was an ultimate issue for the jury. In a later opinion, however, the Court of Criminal Appeals noted that it is no longer permissible to exclude opinion testimony on that basis. *Fairow v. State*, 943 S.W.2d 895, 898 n.5 (Tex. Crim. App. 1997). The Court of Criminal Appeals went on to note that Rule 704 now states that an opinion otherwise admissible "is not objectionable because it embraces an ultimate issue to be decided

by the trier of fact." *Id*. (*quoting* Tex. R. Evid. 704).

Both lay and expert witnesses can offer opinion testimony. *Osbourn v. State*, 92 S.W.3d 531, 535 (Tex. Crim. App. 2002). Rule 701 deals with witnesses who "witnessed" or participated in the events to which he or she is testifying. *Id*.; *see* Tex. R. Evid. 701. Rule 701 requires the proponent of lay-opinion testimony to establish that the witness has personal knowledge of the events upon which his opinion is based. *Fairow*, 943 S.W.2d at 898. Personal knowledge may come directly from the witness's senses, or it may also come from experience. *Id*. If the proponent of the opinion cannot establish personal knowledge, the lay testimony should be excluded. *Id*.

It is impossible for a witness to possess personal knowledge of what someone else is thinking because the individual is the only one who knows for certain the mental state with which he or she is acting. *Id*. at 899 (*citing Arnold v. State*, 853 S.W.2d 543, 547 (Tex. Crim. App. 1993)). Therefore, if the trial court determines that a proffered lay-witness opinion is an attempt to communicate the actual subjective mental state of the actor, the court should exclude the opinion because it could never be based on personal knowledge. *Id*. Likewise, if the witness's lack of personal knowledge yields testimony that amounts to "choosing up sides" or an opinion of guilt or innocence, his opinion should be excluded. *Id*.

However, not all Rule 701 opinions regarding culpable mental states need to be automatically excluded for want of personal knowledge. *Id*. An opinion may satisfy the personal knowledge requirement if such opinion is an interpretation of the witness's objective perception of events, or if it illuminates the distinction between personal knowledge of another's mental state and personal knowledge of perceived events. *Id*. In this situation, the jury is free to give as much or as little weight to the opinion as it sees fit. *Id*. Once the perception requirement is met, the trial court must determine whether the opinion is rationally based on that perception, *i.e.*, that it is an opinion that a reasonable person could draw under the circumstances. *Id*. at 899–900. If the opinion is not capable of reasonably being formed from the events underlying the opinion, it must be excluded. *Id*. at 900. Finally, the trial court must determine whether the opinion would be helpful to the trier of fact to either understand the witness's testimony or to determine a fact in issue. *Id*.; *see also Flamenco v. State*, No. 13-12-00345-CR, 2014 WL 4401527, at *5-6 (Tex. App.--Corpus Christi Aug. 29, 2014, no pet.) (not designated for publication).

The State asserts that the testimony of the witnesses herein was opinion testimony admissible under Rule 701. *See Osbourn*, 92 S.W.3d at 536. Each of the three witnesses who gave their opinion herein were "eyewitnesses" to the murder and their opinions related to personal observations that they made from observing the

events of the day in question, Appellant's demeanor, the distance between Appellant and the victim, and their conversation and interaction. This testimony relates to witnesses' interpretation of their objective perception of events, which is admissible, *see Fairow*, 943 S.W.2d at 899, rather than a "choosing of sides" or an attempt to communicate about Appellant's actual subjective mental state or a decision of guilt or innocence, which is inadmissible. *See id*.

Further, the trial court was within its discretion to conclude that such testimony would help the jury in determining the ultimate issue of guilt, because such testimony is relevant in outlining the appropriate facts of this case. *See id*. at 900 (discussing how opinion testimony is helpful if it is a shorthand rendition of the facts). Therefore, this Court should conclude that the trial court did not abuse its discretion.

Moreover, even if this Court were to find that the trial court abused its discretion in allowing the three witnesses to testify about their perception of Appellant's conduct, this Court should nevertheless conclude that such abuse of discretion was harmless. *See* Tex. R. App. P. 44.2(b). Non-constitutional error "that does not affect substantial rights must be disregarded." *Id*. Substantial rights are not affected by the erroneous admission of evidence if, after examining the record as a whole, this Court has fair assurance that the error did not influence the jury, or had but a slight effect. *Motilla v. State*, 78 S.W.3d 352, 355 (Tex. Crim. App. 2002). In

assessing the likelihood that the jury's decision was adversely affected by the error, the appellate court should consider everything in the record, including any testimony or physical evidence admitted for the jury's consideration, the nature of the evidence supporting the verdict, the character of the alleged error and how it might be considered in connection with other evidence in the case. *Id*. This Court may also consider jury instructions, the State's theory, and any defensive theories, closing arguments, and voir dire, if applicable. *Id*. Finally, this Court may consider the State's emphasis on the error as a factor. *See id*.

In this case, any harm caused by the purported error of admitting the witnesses' opinion testimony was minimal in light of the record and the nature of other evidence supporting the verdict. Furthermore, during closing arguments, the State encouraged the jurors to evaluate the facts surrounding the shooting, specifically the fact that Appellant shot the victim three times and then threatened the three witnesses that they would end up the same as the victim if they talk. (R.R. Vol. 6, pp. 143, 163-164, 166). The State encouraged the jury to consider and evaluate these facts for themselves and determine whether they could draw the same opinions put forth by the witnesses. Accordingly, this Court should conclude that the admission of opinion testimony from the three eyewtinesses, if in error, was harmless and did not affect Appellant's substantial rights. *See* Tex. R. App. P. 44.2(b).

Therefore, Appellant's fourth issue should be overruled.

***State's Response to Appellant's Fifth Issue***

In his fifth issue, Appellant argues that the trial court erred in denying his motion for mistrial after it was discovered that both counsel for the State and Appellant erroneously informed the venire panel that Appellant was eligible for probation. The State responds by asserting that the trial court did not err in denying Appellant's motion for mistrial as any error as a result of counsels' misstatements was not harmful.

A trial court may declare a mistrial when an error occurs that is so prejudicial that the expenditure of further time and expense would be wasteful. *Wood v. State*, 18 S.W.3d 642, 648 (Tex. Crim. App. 2000). This Court reviews the denial of a motion for mistrial under an abuse-of-discretion standard. *Ladd v. State*, 3 S.W.3d 547, 567 (Tex. Crim. App. 1999).

Here, during voir dire, the trial court, and both counsel for the State and Appellant erroneously instructed the venire panel that the range of punishment for the offense of murder was confinement for five to 99 years, or life, or probation. In fact, probation is not available for any murder committed on or after September 1, 2007. Appellant made no objection to the State's error during voir dire. After the members

of the jury were selected and sworn, but before the punishment phase of trial, the trial court realized the error. Appellant then moved for a mistrial, without elaboration of the particular grounds upon which it was based. (R.R. Vol. 7, p. 9). The trial court denied the motion and, in the charge to the jury, instructed the 12 jurors as to the correct range of punishment. (C.R. pp. 189-190).

Appellant argues that, as a result of the trial court's denial of his motion for mistrial, Appellant was denied his constitutional right to an impartial jury. However, at least three appellate courts have analyzed counsel's misstatements of law under Rule 44.2(b). *Herrera v. State*, 11 S.W.3d 412, 415 (Tex. App.--Houston [1st Dist.] 2000, pet. ref'd); *Lee v. State*, 971 S.W.2d 130 (Tex. App.--Houston [14th Dist.] 1998, pet. ref'd); *Coggeshall v. State*, 961 S.W.2d 639, 643 (Tex. App.--Fort Worth 1998, pet. ref'd) (stating "case law reveals that [federal] appellate courts have consistently held that improper prosecutorial comments and misstatements are not constitutional in nature, but can affect a defendant's substantial rights"). Furthermore, this Court has previously held an error in informing the venire panel on the correct range of punishment is non-constitutional error, and should be reviewed under Rule 44.2(b). *Hernandez v. State*, No. 13-02-631-CR, 2004 WL 3217821, at *2-3 (Tex. App.--Corpus Christi July 29, 2004, no pet.).

When an error is not constitutional, it will be reversible only if it affected a

substantial right, that is, if the error had a substantial or injurious effect on the jury's verdict. *See* Tex. R. App. P. 44.2(b); *Nonn v. State*, 117 S.W.3d 874, 880 (Tex. Crim. App. 2003); *Morales v. State*, 32 S.W.3d 862, 867 (Tex. Crim. App. 2000). Therefore, this Court should look to the following factors for guidance: (1) the source of the error, (2) the extent to which the error was emphasized by the State, (3) the nature of the error, (4) the probable collateral implications of the error, (5) the weight which a juror is likely to attach to the error, and (6) the extent to which declaring the error harmless will encourage repetition of the error. *Cameron v. State*, 988 S.W.2d 835, 847-48 (Tex. App.--San Antonio 1999, pet. ref'd); *cf. Lagrone v. State*, 942 S.W.2d 602, 620 (Tex. Crim. App. 1997) (applying these factors to harmless error analysis under former rule of appellate procedure 81(b)(2)).

Further, in reviewing improper statements made during *voir dire*, this Court should bear in mind that "[g]reat latitude should be allowed in voir dire examinations so that counsel for both the defense and the State have a good opportunity to assess the relative desirability of the venire members." *Orosco v. State*, 827 S.W.2d 575, 577 (Tex. App.--Fort Worth 1992, pet. ref'd). And, generally, "[s]tatements by counsel will not constitute reversible error unless, in light of the record as a whole, the statements are extreme or manifestly improper, violative of a mandatory statute, or inject new facts harmful to the accused into the proceedings." *Godfrey v. State*,

859 S.W.2d 583, 585 (Tex. App.--Houston [14th Dist.] 1993, no pet.) (*quoting*

*Brooks v. State*, 642 S.W.2d 791, 798 (Tex. Crim. App. 1982)).

While some of the prosecutor's statements were incorrect, it is apparent from

the record that the statements were not made in an attempt to taint the trial process.

Nor were the statements meant to influence jurors in any eventual decision they might

make regarding Appellant's punishment. Rather, the statements were made for the

purpose of determining which members of the venire could consider the full range of

punishment, including probation. (R.R. Vol. 2, pp. 42-43). Moreover, Appellant's

trial counsel made clear that all instructions, including any law discussed during voir

dire, would be provided in the jury charge at the end of the trial. (R.R. Vol. 7, p. 101).

Finally, it is important to note that Appellant's trial counsel explained to the

venire he was questioning them about probation to ensure that the jurors selected to

serve on Appellant's jury could follow the law and give him a fair trial. (R.R. Vol.

7, p. 101). Appellant's counsel was asking the jury whether they could consider the

full range of punishment as to murder *or any lesser included offense* which might be

considered by the jury. Specifically, Appellant's counsel stated:

> Now, the judge will give you instructions at the end who of is left on
> this jury. And those instructions may be that if in the deliberation you
> return a verdict that may not be murder, maybe it's manslaughter like I
> talked about with the Chief, or criminally negligent homicide, those
> ranges are less, okay? In this case you have to be able to consider the

full range. We don't know what the outcome is going to be until the 12 jurors that are sat here make a decision as to whether there was guilt or not and then if there was guilt at what level was the finding of guilt made. So I need to know right now, and I'm going to go through each one of you individually if you can consider the full range, okay? (R.R. Vol. 2, p. 101).

Appellant's counsel then went through the venire panel, one by one, and asked each venire member whether they could consider the full range of punishment. (R.R. Vol. 2, pp. 102-110). Based on the answers given, the parties made their challenges for cause. (R.R. Vol. 2, pp. 113-116). The problem here is that counsel's question included all the possible lesser included offenses which might have been possible: manslaughter, criminal negligent homicide, and aggravated assault. The State notes that Appellant would have been eligible to receive probation for any of these lesser included offenses. See Tex. Code Crim. Proc. art. 42.12, § 4. As a result, we do not know if the jurors were unable to consider the full range of punishment on the offense of murder, or on one of the lesser included offenses. Finally, the State would remind this Court that the jury charge on punishment contained a correct statement of the law on the range of punishment. *See Herrera*, 11 S.W.3d at 415.

The State concedes that there was a misstatement of the law as to the range of punishment. However, a misstatement of the law not affecting substantial rights must be disregarded. See Tex. R. App. P. 44.2(b). Here, the record does not indicate that

any individuals in the venire were disqualified because they could not consider probation in a murder case; but rather, they were disqualified because they could not consider the full range of punishment as to one of several potential charges, *i.e.*, murder, manslaughter, etc. Moreover, a defendant does not have the right for any particular individual to sit on the jury, but rather a defendant's only substantial right is that the jurors who do serve be qualified. *See Jones v. State*, 982 S.W.2d 386, 393 (Tex. Crim. App. 1998)). Because the record does not indicate that an unqualified individual sat on the jury during appellant's trial, no reversible error exists. *See id.* ("It has long been the established rule in this state that even though the challenge for cause was improperly sustained, no reversible error is presented unless appellant can show he was denied a trial by a fair and impartial jury.")

Further, absent evidence to the contrary, this Court should presume that the jury understood and followed the court's instructions as correctly set forth in the charge. *Herrera*, 11 S.W.3d at 415 (*citing Hutch v. State*, 922 S.W.2d 166, 172 (Tex. Crim. App. 1996)). Appellant points to no evidence in the record that the jury either misunderstood or failed to follow the jury charge. *See Herrera*, 11 S.W.3d at 415-16. That the jury assessed a sentence of 25 years confinement in the penitentiary in this case is not proof the jury did not follow the court's instructions. Thus, this Court should conclude the State's misstatement during voir dire did not contribute to

Appellant's punishment in that there is no indication that the statements influenced the jury's decision to sentence Appellant to 25 years for the offense of murder. Consequently, Appellant was not denied a fair trial and Appellant has not shown that the trial court's denial of his motion for mistrial was harmful. Further, given the proper instruction to the jury in the charge, and ultimate sentence, this Court should also conclude the error did not affect appellant's substantial rights; and therefore, the error was harmless. *See Hernandez*, 2004 WL 3217821, at *2-3.

Accordingly, Appellant's fifth issue should be overruled.


***State's Response to Appellant's Sixth Issue***

In his sixth issue, Appellant argues that the trial court erred in failing to instruct the jury on sudden passion in the court's charge on punishment. The State responds by asserting that the evidence did not entitle Appellant to an instruction on sudden passion.

Currently, a murder committed under the "immediate influence of sudden passion arising from an adequate cause" is a second-degree felony carrying a maximum punishment of twenty years' imprisonment. Tex. Penal Code § 19.02(d). Sudden passion is "passion directly caused by and arising out of provocation by the individual killed" which arises at the time of the murder. Tex. Penal Code §

19.02(a)(2). Adequate cause is a "cause that would commonly produce a degree of anger, rage, resentment, or terror in a person of ordinary temper, sufficient to render the mind incapable of cool reflection." Tex. Penal Code § 19.02(a)(1). The defendant has the burden of production and persuasion with respect to the issue of sudden passion. Tex. Penal Code § 19.02(d). To justify a jury instruction on the issue of sudden passion at the punishment phase, the record must at least minimally support an inference: 1) that the defendant in fact acted under the immediate influence of a passion such as terror, anger, rage, or resentment; 2) that his sudden passion was in fact induced by some provocation by the deceased or another acting with him, which provocation would commonly produce such a passion in a person of ordinary temper; 3) that he committed the murder before regaining his capacity for cool reflection; and 4) that a causal connection existed "between the provocation, passion, and homicide." *McKinney v. State*, 179 S.W.3d 565, 569 (Tex. Crim. App. 2005). It does not matter that the evidence supporting the submission of a sudden passion instruction may be weak, impeached, contradicted, or unbelievable. *Id*.; *Trevino*, supra, at 238–39. If the evidence thus raises the issue from any source, during either phase of trial, then the defendant has satisfied his burden of production, and the trial court must submit the issue in the jury charge—at least if the defendant requests it. *McKinney*, supra, at 569; *Trevino*, supra, at 238–39.

When an appellant protests that the trial court erred not to grant his request to charge the jury regarding sudden passion, a reviewing court must first determine whether the complained-of error exists. *See Ngo v. State*, 175 S.W.3d 738, 743 (Tex. Crim. App. 2005) (*citing Middleton v. State*, 125 S.W.3d 450, 453 (Tex. Crim. App. 2003) (plurality opinion)).

An instruction on sudden passion is proper only when the sudden passion was directly caused by and arose out of provocation by the deceased at the time of the offense. Texas Penal Code § 19.02(a)(2) specifically states that passion that is solely the result of former provocation does not qualify. In *Hobson v. State*, 644 S.W.2d 473 (Tex. Crim. App. 1983), the defendant stated that he had an "emotional crisis" due to the relationship between his daughter and the victim, who had recently been released from jail. The defendant followed the victim all day before finally confronting him, demanding that he get out of his daughter's life, and threatening him if he did not. Defendant and the victim fought, and defendant stabbed the victim and cut him in the throat. The Court of Criminal Appeals held in *Hobson* that the passion that came over the defendant did not arise at the time of the offense. *Id*. at 478. Rather, it began the morning before the crisis, when the victim was released from jail and defendant became concerned about his daughter. As a result, the altercation between the defendant and the victim just prior to the stabbing was not an adequate

cause to give rise to an immediate influence of sudden passion. *Id.*; *see also McKinney v. State*, 179 S.W.3d 565, 570-71 (Tex. Crim. App. 2005) (holding that evidence did not require sudden passion instruction where issues between defendant and the victim arose "earlier in the evening" but they did begin fighting until they confronted each other later at a convenience store.)

Similarly, in the instant case, the conflict between Appellant and the victim began well before the fatal shooting, when Appellant learned that the victim had taken a weapon of his. After learning that the victim was in possession of his handgun, Appellant coerced Aurora Garcia to help him locate the victim. The witnesses testified that it took some time before Appellant was able to locate the victim and retrieve the handgun, and that they spent a considerable amount of time, first driving around downtown Harlingen and then out to Rangerville. (R.R. Vol. 4, pp. 202-203; Vol. 5, pp. 22, 205-206). There was absolutely no evidence that Appellant was scared or frightened. The record does reflect that Appellant was angry; however there is no evidence whatsoever that Appellant's anger (sudden passion) was an adequate cause to give rise to an immediate influence of sudden passion. *Hobson*, 644 S.W.2d at 478; *McKinney*, 179 S.W.3d at 570-71. The actions taken by Appellant were deliberate and done with forethought; they were not emotional responses to provocation.

In the event this Court finds that the trial court did err in failing to instruct the jury on the issue of sudden passion, then the State asserts that said error was harmless. When a reviewing court agrees that a trial court erred by failing to submit a sudden passion instruction, it then analyzes whether the error harmed the appellant. *See Ngo*, supra, at 743; *Almanza*, supra, at 171. In conducting a harm analysis, a reviewing court need not explicitly invoke the four *Almanza* considerations. *Wooten v. State*, 400 S.W.3d 601, 608 (Tex. Crim. App. 2013). In *Wooten*, the Court's inquiry simply focused on the likelihood that the jury would have found sudden passion based on the state of the record as a whole. *Id*. Performing a similar analysis in the present case, this Court cannot declare that, had it received an instruction on sudden passion, the jury would have made an affirmative finding on the issue, and therefore, this Court cannot say that Appellant did suffer "some harm."

To prove sudden passion, Appellant herein would have had to establish, *inter alia*, 1) that he actually acted under the influence of an anger so great that it caused him to lose his capacity for cool reflection, and 2) that victim's actions were adequate to produce such a degree of anger in a man of ordinary temperament. However, the jury herein did not hear any evidence that Appellant was actually experiencing a level of anger or fear that caused him to lose control. Moreover, even had the jury believed that Appellant subjectively experienced such a level of anger or fear, it would not

likely have found that the victim's behavior presented a provocation adequate to produce such a degree of anger or fear in a man of ordinary temperament. Based on the record and evidence before this Court, it is exceedingly unlikely that Appellant suffered "some harm" as a result of the trial court's failure to give the jury a sudden passion instruction based on Appellant's assertion that anger or fear controlled his actions.

Accordingly, Appellant's sixth issue should be overruled.


***State's Response to Appellant's Seventh Issue***

In his seventh issue, Appellant argues that the State impermissibly commented on Appellant's post-arrest silence through questions on cross-examination. The State responds by asserting that Appellant's complaint has not been preserved for review on appeal.

A defendant's privilege against self-incrimination and his due process rights under the United States Constitution are violated if the State is allowed to impeach the defendant's testimony by using his postarrest, post-*Miranda* silence. *Doyle v. Ohio*, 426 U.S. 610 (1976). Under the Texas Constitution, when a defendant is arrested, he has the right to remain silent and the right not to have that silence used against him, even for impeachment purposes, regardless of when he is later advised

of those rights. Tex. Const. art. I, § 10; *Sanchez v. State*, 707 S.W.2d 575, 579–80 (Tex. Crim. App. 1986) (plurality opinion). However, a defendant's failure to object to the State's impeachment of his testimony with his postarrest silence waives any error. *Smith v. State*, 721 S.W.2d 844, 855 (Tex. Crim. App. 1986); *Lum v. State*, 903 S.W.2d 365, 369 (Tex. App.--Texarkana 1995, pet. ref'd).

To preserve a complaint for appellate review, a defendant must make a timely, specific objection to the trial court. Tex. R. App. P. 33.1(a); *see Wilson v. State*, 71 S.W.3d 346, 349 (Tex. Crim. App. 2002). Moreover, an objection stating one legal basis may not be used to support a different legal theory on appeal. *See Heidelberg v. State*, 144 S.W.3d 535, 537 (Tex. Crim. App. 2004). Courts have routinely held that where a complaint on appeal does not comport with an objection made at trial, the error is not preserved on the complaint. *Wilson*, 71 S.W.3d at 349; *Goff v. State*, 931 S.W.2d 537, 551 (Tex. Crim. App. 1996); *Flores v. State*, 125 S.W.3d 744, 747 (Tex. App.--Houston [1st Dist.] 2003, no pet.). Further, the law in Texas requires a party to continue to object each time inadmissible evidence is offered. *Ethington v. State*, 819 S.W.2d 854, 858 (Tex. Crim. App. 1991); *Johnson v. State*, 84 S.W.3d 726, 729 (Tex. App.--Houston [1st Dist.] 2002, pet. ref'd). "Any error in the admission of evidence is cured when the same evidence comes in elsewhere without objection." *Johnson*, 84 S.W.3d at 730. In *Hudson v. State*, 675 S.W.2d 507 (Tex. Crim. App.

1984), Judge McCormick stated the rule this way: "[d]espite the improper form and content of the question, it is well settled that an error in admission of evidence is cured where the same evidence comes in elsewhere without objection; defense counsel must object every time allegedly inadmissible evidence is offered." *Hudson*, 675 S.W.2d at 511.

In the present case, Appellant objected the first and second time counsel for the State asked him about his assertion of his right to remain silent. (R.R. Vol. 7, pp.139-140, 143). However, the third time he was asked about the assertion of this right, Appellant's counsel objected on other grounds, arguing that Appellant did not control the situation. Immediately thereafter, Counsel for the State asked Appellant if someone had covered his mouth and, without objection, Appellant responded that his lawyer instructed him not to say anything. (R.R. Vol. 8, p. 32). Later, Counsel for the State asked Appellant, without objection, whether he chose to exercise his right to remain silent. Appellant answered that he had been instructed to remain silent. (R.R. Vol. 8, 55). Counsel for the State then asked another question, which was met with the objection that the prosecutor was arguing with the witness, which was overruled. (R.R. Vol. 8, p. 56). Counsel for the State again asked Appellant whether he chose to remain silent, which Appellant answered in the affirmative, without objection. (R.R. Vol. 8, p. 56).

Appellant failed to object at trial each time the prosecutor inquired about the Appellant's post-arrest silence. Further, Appellant twice objected on grounds which do not comport with the issue on appeal. Accordingly, under the law as stated above, Appellant has not preserved this issue for appeal.

Accordingly, Appellant's seventh issue should be overruled.

***State's Response to Appellant's Eighth Issue***

In his eight issue, Appellant argues that the judge of the trial court erred when he did not recuse himself after he became a witness who testified in this cause. The State responds by asserting that the trial judge did not testify in this cause and was not a witness herein.

The State asserts that the trial judge's statement at the pre-trial hearing did not constitute evidence in support of its ruling. Rule 605, of the Texas Rules of Evidence, provides that "[t]he judge presiding at the trial may not testify in that trial as a witness. No objection need be made in order to preserve the point." The Court of Criminal Appeals has described this rule as prohibiting a trial judge from becoming a witness in the very same proceeding over which he is presiding. *Hensarling v. State*, 829 S.W.2d 168, 170–71 (Tex. Crim. App. 1992). However, there is a significant distinction between a trial judge testifying as a fact witness during a trial

and a trial judge recalling, at a motion hearing, his own internal thought processes. *State v. Stewart*, 282 S.W.3d 729, 736 (Tex. App.--Austin 2009, no pet.). In *Stewart*, the Austin Court of Appeals considered a situation where the trial judge announced a recitation of the procedural facts coupled with the judge's own thought process in connection with his rulings. The Austin Court held that, under the circumstances in that case, the court did not construe the trial judge's remarks at the motion hearing to be testimony prohibited by rule 605. *Id*.

Likewise, in the present case, Appellant has failed to demonstrate that the trial judge herein actually testified herein. The trial judge clearly did verbalize his thought process when he stated on the record that he was present at conference on a writ of habeas corpus, and he *questioned* whether he might have become a witness to some material fact. (R.R. Vol. 3, pp. 12-13). The trial judge in the present case did not state anything on the record that could even remotely be considered as the "judge's statement of fact [that] is essential to the exercise of some judicial function or is the functional equivalent of witness testimony." *Hammond v. State*, 799 S.W.2d 741, 746 (Tex. Crim. App. 1990). The judge merely verbalized (out of the presence of the jury) his thought process in analyzing whether he might have become a witness to some material fact. He did not testify to any fact.

Accordingly, Appellant's eighth issue should be overruled.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, the State of Texas prays that this Court will overrule Appellant's issues on appeal, and affirm both the judgment of conviction and the sentence herein.

Respectfully Submitted,

**LUIS V. SAENZ**
**Cameron County District Attorney**
964 East Harrison Street, 4th Floor
Brownsville, Texas 78520
Phone: (956) 544-0849
Fax:(956) 544-0869

By:    */s/ René B. González*
       **René B. González**
       Assistant District Attorney
       State Bar No. 08131380
       rgonzalez1@co.cameron.tx.us

       **Attorneys for the State of Texas**

## CERTIFICATE OF COMPLIANCE

I certify that this document contains 8,401 words (excluding the cover, table of contents and table of authorities). The body text is in 14 point font, and the footnote text is in 12 point font.

*/s/ René B. González*
René B. González

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing State's appellate Brief was served in compliance with Tex. R. App. P. 9.5, on this the 5th day of January, 2015, to the following attorney of record for Appellant, by email:

Philip T. Cowen
500 E. Levee Street
Brownsville, Texas 78520

ptchb@att.net

*/s/ René B. González*
René B. González